**VIDEO TAPE EXCHANGE COOP OF AMERICA, INC., individually, and on behalf of a class of taxpayers similarly, Plaintiff,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Defendant.**

No. 82T05–8609–TA–00009.

Tax Court of Indiana.

Nov. 14, 1986.

Jay D. Walden, Buthod, Longest, Clark, Rietman & Steedman, Evansville, for plaintiff.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for defendant.

## ORDER

FISHER, Judge.

The Court having heretofore taken "Petitioner's Petition to Enjoin Collection of Tax" under advisement now makes the following specific findings of fact:

1. Petitioner is a corporation engaged in the business of renting video tapes to the general public.

2. Petitioner's officer James R. Williams made inquiry regarding sales tax as applied to the rental of video tapes to Department of Revenue employee in Evansville, Indiana whose identity is at present unknown.

3. Petitioner's officer James R. Williams received a photocopy of the statute with commentary by editors of Commerce Clearing House which is attached to "Petition to Enjoin Collection of Tax" as Exhibit A.

4. As a result of aforesaid paragraphs 2 and 3, Petitioner's officer James R. Williams had such a state of mind that he believed that he was not required to collect nor remit sales tax because of renting of video tapes.

5. Petitioner has an accountant who is used regularly but who was not consulted regarding sales tax as to the rental of video tapes until after Petitioners officer was advised of the audit by the Respondent because he was under the impression that collection and remittance of the tax were not required.

6. Respondent asserts that there is due the approximate total sum of $33,552.86 in taxes, penalties, and interest as of June 10, 1986.

7. Petitioner has not paid any of said sum.

8. The tax alleged to be due includes sales tax due on items of personal property

purchased by the Petitioner and the owing of which tax is not contested.

9. The collection of tax, interest, and penalties alleged to be due by reason or rental of video tapes pending this original tax appeal would work a hardship on Petitioner and may require Petitioner to cease operations.

10. Petitioner has in its inventory approximately 9,000 video tapes with an approximate value of $20.00 each.

11. Petitioner had a distributable net income of approximately $43,000 in 1985.

12. Respondent has voluntarily agreed to forego collection efforts in absence of any injunction until approximately November 25, 1986.

I.C. 33-3-5-11(c) provides after a hearing, the Tax Court may grant the injunction, if the Tax Court finds that:

(a) the issues raised by the original tax appeal are substantial;

(b) the petitioner has a reasonable opportunity to prevail in the original tax appeal;

(c) the equitable considerations favoring the enjoining of the collection of the tax outweigh the state's interest in collecting the tax pending the original tax appeal.

The Court has little problem finding and does find that the issue in the original tax appeal is substantial. Whether the rental of video tape is subject to sales tax will have substantial statewide impact and is an issue this Court should lay to rest. The issue will seem to turn on how the word "broadcast" should be interpreted as used in I.C. 6-2.5-4-10(c)(2). While counsel have suggested to the Court construction of the word "broadcast" in other cases, no authority either way has been offered to the Court in connection with this petition. While the issue may be easily resolved at trial on the merits, it nevertheless is yet an issue in the case.

The Court likewise has no difficulty in finding and does find that the equitable considerations favoring the enjoining of the collection of the tax outweigh the State's interest in collecting the tax pending the original tax appeal.

The Petitioner is basing its decision not to collect and remit the tax in part on information given to its officers by an employee of the Respondent and upon the receipt of the aforementioned Exhibit A. While in the last analysis, neither may be sufficient to excuse ultimate payment of the tax, it nonetheless is understandable why the Petitioner relied on such information and didn't pay the tax. The fact that Respondent has voluntary refrained from taking steps to collect the tax is also an equitable consideration in this context.[1] While Petitioner says it would have to cease operations if Defendant were not enjoined from collecting the tax, the Court finds that Petitioner has approximately $180,000 in inventory which could be used to pay the tax, interest, and penalties, but a liquidation of approximately 20% of inventory might impair the ability of Petitioner to operate its business.

The real concern the Court has is the second consideration; that is, whether the Petitioner has a reasonable chance of success in its original tax appeal. A look at either Black's Law Dictionary or Webster's Third New International Dictionary affords little specific assistance in determining what is meant by "reasonable". One may characterize it as "tolerable", "moderate", "rational", "honest", or "equitable". And while one may argue the proposition of reasonable chance of success as applied to this case, the Court finds that without either party submitting authority as to the meaning of "broadcast" as discussed above and with the other equitable considerations present, the issue should be resolved in favor of the Petitioner.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Re-

---

1. While the Respondent may not so restrain itself in future cases since it is such an equitable consideration, Respondent is nevertheless to be commended for such restraint as it prevents a hardship on the taxpayer and affords this Court an opportunity to receive evidence and hear argument on the Petition. This is particularly helpful in this case since the Court is faced with logistical inconveniences in immediately addressing a Petition for Injunction.

spondent and the Vanderburgh County Sheriff are hereby enjoined from proceeding to collect the tax, interest, and penalties herein alleged to be due by reason of the rental of video tapes by the Petitioner until further order of this Court.

The Petitioner is ordered to post sufficient bond or security in the amount of the tax, interest, and penalties alleged to be due by reason of the rental of video tapes on or before November 25, 1986.

The Petitioner is further ordered and directed not to dispose of or otherwise transfer any of its assets except in the ordinary course of business except as such may be necessary to give security or to provide the bond herein ordered. The Petitioner is further directed to permit Respondent to audit its records at reasonable times for purposes of verification.