**VIDEO TAPE EXCHANGE CO–OP OF AMERICA, INC., Petitioner,**

**v.**

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 82T05–8609–TA–00009.

Tax Court of Indiana.

May 20, 1987.

Jay D. Walden, Buthod Longest Clark, Rietman & Steedman, Evansville, for petitioner.

Linley E. Pearson, Atty. Gen. by Marilyn Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

### STATEMENT OF THE CASE

On September 5, 1986, Petitioner filed a Petition for Original Tax Appeal and Petition to Enjoin Collection of Tax. On November 14, 1986, after a hearing, this Court enjoined the Respondent from proceeding with collection efforts, 512 N.E.2d 476. The injunction was conditioned on Petitioner filing a bond or security. On December 5, 1986, the Respondent filed a Motion to Dissolve Injunction and to Dismiss for Lack of Jurisdiction. Thereafter on January 9, 1987, the Court dissolved the injunction because the Petitioner had not posted the bond or security ordered. In the motion to dismiss, the Respondent asserts that this Court is without subject matter jurisdiction to hear this matter. The Respondent avers that the remedies available to Petitioner are limited by IC 6–8.1–9–1 and IC 33–3–5–11: that is, Petitioner may either pay the tax, request a refund, and sue on refusal of Respondent to grant the refund, or petition for and be granted an injunction.

### DISCUSSION AND DECISION

This Court believes that a review of the history of this issue may be helpful and appropriate.

The Indiana Supreme Court held in *Department of Treasury v. Ridgley* (1936), 211 Ind. 9, 4 N.E.2d 557, that since the statute in effect at that time, § 64–2612, did not expressly state that the refund procedure was the exclusive remedy, the taxpayer was able to proceed and request injunctive and declaratory relief.

The legislature responded with an amendment to the statute, § 64–2614a, which provided that no injunction to restrain or delay the collection of any tax shall be issued by any court, but that in all cases the remedy provided shall be by payment and action to recover the tax. In *State ex rel. Indiana Department of State Revenue v. Marion Circuit Court* (1971), 255 Ind. 501, 265 N.E.2d 241, the Indiana Supreme Court held that this statute now provided the exclusive remedy as that of paying the tax and suing for a refund.

§ 64–2614a was repealed and replaced by IC 6–2–1–19. The Court of Appeals construed the newest version of the statute in *Mathis v. Cooperative Vendors* (1976), 170 Ind.App. 659, 354 N.E.2d 269, which was an action dealing with collection of the sales tax. The court permitted Cooperative Vendors to maintain a declaratory judgment action, saying that the statute providing for the exclusive remedy of paying tax and suing for refund applied to "taxpayers" and that Cooperative Vendors, who was a collector of the sales tax, was not a "taxpayer" but rather was an agent of the state. The statute used the words "person" and "taxpayer" interchangeably. The court said that since such was the case, Cooperative Vendors was not a "taxpayer" as the term was used in that statute and therefore the exclusive remedy provision did not apply to it.

In 1980 the statute was revised again and IC 6–8.1–9–1 replaced IC 6–2–1–19. In this section, the legislature used only the word "person." "Person" is defined to include a corporation, IC 6–8.1–1–3, hence the application of IC 6–8.1–9–1 is no longer limited to a "taxpayer."[1]

In 1986 the legislature amended IC 6–8.-1–9–1 to reflect the equitable powers which were granted to the Indiana Tax Court in IC 33–3–5. There are now remedies available: (1) payment of the tax and suing for refund (as before) and (2) requesting and being granted an injunction. The Petitioner has availed itself of the latter. This Court issued the requested injunction, but the Petitioner was unable or unwilling to post the required bond or security. Petitioner did not attempt to seek relief from the bond or security provisions before the Court dissolved the injunction.

Since the injunction was issued and jurisdiction was conferred on the Court and since discovery and other proceedings toward trial have occurred, to require the Petitioner to pay the tax and go through the refund process and refile its lawsuit would duplicate efforts thus far made and create additional delay. Nevertheless, to retain jurisdiction would render a portion of the statute (IC 6–8.1–9–1) a nullity. That is, no one would pay the tax and sue for a refund, but would ask for an injunction and if Petitioner's argument is followed, jurisdiction would have been conferred regardless of whether the injunction was granted or denied.

The legislature has the right to establish jurisdictional prerequisites and with respect to this case, it has done so via IC 6–8.1–9–1.

The Court holds that jurisdiction of subject matter is conferred when a petition for injunction is filed and the court issues an injunction. Such jurisdiction is likewise lost if the injunction is dissolved prior to entry of final judgment and the Petitioner is placed in the same position as if no injunction had issued.

For the foregoing reasons, the motion to dismiss is granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this cause is dismissed without prejudice.

*See* IC 6–2.1–1–12; 6–2.1–1–16; 6–2.5–10–2.

---

1. Even if the term "taxpayer" were used, Petitioner likely would come within its definition.