**GASAMERICA SERVICES, INC., Petitioner,**

v.

**STATE of Indiana, DEPARTMENT OF REVENUE, Respondent.**

No. 49T05–9001–TA–00002.

Tax Court of Indiana.

April 4, 1990.

David W. Mernitz, Lewis E. Willis, Jr., Stark Doninger Mernitz & Smith, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. of Indiana by Joel Schiff, Deputy Atty. Gen., Indianapolis, for respondent.

## ORDER

FISHER, Judge.

The Indiana Department of State Revenue has filed its motion to dismiss, pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(1) and T.R. 12(B)(6), stating that GasAmerica Services, Inc., did not file a claim for refund, and thereby exhaust its administrative remedies and follow statutory procedures necessary to invoke this Court's jurisdiction. GasAmerica seeks a refund of Indiana gross retail tax for 1984, 1985, and 1986, but it has not filed claims for refund with the Department for any of these years.

As a result of an audit conducted on May 31, 1988, the Department assessed retail sales tax against GasAmerica. After that, on July 29, 1988, GasAmerica protested a portion of the assessments. The Department, after conducting a hearing on October 18, 1988, issued its Letter of Findings, denying GasAmerica's protest on November 21, 1989. On December 6, 1989, GasAmerica paid the assessed amounts to the Department. On January 10, 1990, GasAmerica initiated this cause by filing its petition for an original tax appeal in the Tax Court.

GasAmerica invites the Court to reconsider its holding in *Video Tape Exchange Co–Op of America, Inc. v. Indiana Department of State Revenue* (1987), Ind. Tax, 512 N.E.2d 478. For the reasons set forth, the Court declines the invitation. In *Video Tape*, the Court did not have jurisdiction to hear the taxpayer's appeal because the taxpayer had neither paid the tax alleged to be due nor had it posted bond entitling it to an injunction that this Court

had granted pursuant to IC 33–3–5–11. Contrarily, GasAmerica has paid the tax alleged to be due and now seeks a refund from this Court. Since the facts of the case at bar only involve a refund, this decision restrictively applies to the situation where the tax has been paid and a refund is sought. On this issue, the statutes are clear.

At issue in this case is the interpretation and reconciliation of the statutes that govern this Court's jurisdiction. The first relevant statute is IC 33–3–5–11, which provides in pertinent part:

Sec. 11. (a) A taxpayer who wishes to initiate an original tax appeal must file a petition in the tax court to set aside the final determination of the department of state revenue.... *If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal.* (Emphasis added.)

The other relevant statute is IC 6–8.1–9–1, which provides in pertinent part:

Sec. 1. (a) If a person has paid more tax than the person determines is legally due for a particular taxable period, the person may file a claim for a refund with the department.

\* \* \* \* \* \*

(c) If the person disagrees with any part of the department's decision, he may appeal the decision, regardless of whether or not he protested the tax payment or whether or not the person has accepted a refund. The person must file the appeal with the tax court. *The tax court does not have jurisdiction to hear a refund appeal suit, if:*

*(1) the appeal is filed more than three (3) years after the date the claim for refund was filed with the department;*

*(2) the appeal is filed more than ninety (90) days after the date the*

*department mails the decision of denial to the person; or*

*(3) the appeal is filed both before the decision is issued and before the one hundred eighty first day after the date the person files the claim for refund with the department.*

(Emphasis added.)

GasAmerica contends that the Department misinterprets the relationship between these two statutes and suggests that IC 33–3–5–11 be construed independently from IC 6–8.1–9–1. Under GasAmerica's interpretation of IC 33–3–5–11, the only administrative remedy or statutory requirement that must be met to bestow jurisdiction on the Tax Court is the Department's issuance of a "final determination." However, IC 33–3–5–11 states, "[i]f a taxpayer fails to comply with *any statutory requirement for the initiation of an original tax appeal,* the tax court does not have jurisdiction to hear the appeal." [1] By this language, clearly more is required than GasAmerica suggests.

In the case at bar, GasAmerica wishes to appeal its protest and seek a refund before this Court, without first filing a claim for refund with the Department. Thus far, GasAmerica has received the Letter of Findings from the Department. This letter sets out each issue and contention raised by the taxpayer and each finding and conclusion reached by the Department. IC 6–8.1–5–1 states in pertinent part:

Sec. 1. (a) If the department reasonably believes that a person has not reported the proper amount of tax due, the department shall make a proposed assessment of the amount of the unpaid tax on the basis of the best information available.... The department shall send the person a notice of the proposed assessment through the United States mail.

\* \* \* \* \* \*

(c) The notice shall state that the person has sixty (60) days from the date the

---

1. The question which must be answered is whether a Letter of Findings issued after a protest pursuant to IC 6–8.1–5–1, is a "final determination" as required under IC 33–3–5–2. The Respondent does not suggest that the "Letter of Findings" is not a final determination, so for purposes here the Court will assume and treat the "Letter of Findings" as a final determination.

notice is mailed to pay the assessment or to file a written protest. If the person files a protest and requires a hearing on the protest, the department shall:

(1) set the hearing at the department's earliest convenient time; and

(2) notify the person by United States mail of the time, date, and location of the hearing.

\*     \*     \*     \*     \*     \*

(e) No later than sixty (60) days after conducting a hearing on a protest, or after making a decision on a protest when no hearing is requested, the department shall issue a letter of findings and shall send a copy of the letter through the United States mail to the person who filed the protest. . . .

(f) The department shall demand payment, as provided in IC 6–8.1–8–2(a), of any part of the proposed tax assessment, interest, and penalties that it finds owing . . .

Generally, there are two procedures that may be used to dispute with the Department the amount of tax owed. The proceedings for a protest are followed after the Department assesses a taxpayer for unpaid tax. The claim for refund procedure is followed when a taxpayer believes he has paid too much tax, whether or not there was a prior assessment by the Department. But, the two procedures are not mutually exclusive. IC 6–8.1–9–1(c) states, "[i]f the person disagrees with any part of the department's decision, he may appeal the decision [denying the refund], *regardless of whether or not he protested the tax payment* or whether or not the person has accepted a refund. The person must file the appeal with the tax court." (Emphasis added.)

The procedure to be followed to invoke the jurisdiction of this Court when a refund is sought is expressly set forth in IC 6–8.1–9–1. Yet, IC 6–8.1–5–1 is silent as to the Tax Court. Therefore the "statutory requirement for the initiation of an original tax appeal," mentioned in IC 33–3–5–11(a), refers to IC 6–8.1–9–1. The claim for refund procedure must be followed once the tax is paid.

It may seem unnecessary to require a claim for refund in those cases where the tax has been paid pursuant to the protest procedure to invoke this Court's jurisdiction. However, it is within the legislature's prerogative to determine the jurisdiction of this Court. All administrative remedies must be met before the taxpayer can have his day in court. The procedure to be followed in refund cases is set forth in IC 6–8.1–9–1. The legislature has seen fit to provide for the administrative step of filing for a claim for refund before appealing to the Tax Court, even if the taxpayer protested the tax payment. Although this may cause duplication of effort and time in cases where the Department reaches the same result after the protest procedure and the claim for refund procedure have been followed, it is not for this Court to go beyond the jurisdiction expressly provided by statute.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Department's motion to dismiss is GRANTED.