THE DEPARTMENT OF TREASURY OF INDIANA *v.* J. P. MICHAEL COMPANY.

[No. 15,646. Filed December 14, 1937. Rehearing denied February 17, 1938. Transfer denied May 10, 1938.]

*Philip Lutz, Jr.,* Attorney-General, *Joseph Hutchinson,* Assistant Attorney-General, and *Joseph P. McNamara,* Deputy Attorney-General, for the appellants.

*Samuel J. Mantel* and *Telford B. Orbison,* for appellee.

KIME, J.—The appellee filed a complaint under the Uniform Declaratory Judgment Act wherein it sought a declaration of its rights under Chapter 50 of the Acts of 1933 and more particularly §3 of said act (Gross Income Tax Act, §64-2603 Burns 1933, §15983 Baldwin's 1934). In its complaint it also asked that the appellants be perpetually enjoined from collecting or attempting to collect a tax in excess of ¼ of 1% on gross receipts.

The appellee was a wholesale grocer and claimed that its liability after the deduction of exemptions provided by statute should be computed at ¼ of 1% on gross receipts, basing this claim upon the fact that the business was exclusively of a wholesale nature and, therefore, taxable under subsection "b" of §3 of said act.

The appellants contend that the appellee's business was not exclusively wholesale in that there were sales to ultimate consumers and that such sales were, therefore, retail sales and taxable at the highest rate.

The complaint was answered in general denial and trial was had by the court, who found for the appellee and entered a judgment as follows: "It is therefore ordered, adjudged and decreed that the plaintiff's liability for taxes under the Gross Income Tax Act of 1933 be, and is one-fourth of one per cent of its gross receipts, over and above the exemption provided for it in said Act on all of said sales as disclosed by said evidence.

"It is further ordered, adjudged and decreed that plaintiff recover of and from the defendant the costs of this action in the amount of $————."

The appellants' motion for new trial containing the ground that the decision was not sustained by sufficient evidence and was contrary to law was overruled, which action is assigned as error here.

The appellee here was a wholesale grocer and in the course of business sold merchandise in large lots to such institutions as the Indiana State Prison, Central State Hospital, Pythian Home, City Hospital, Board of Children's Guardians and the I. O. O. F. Home and contended that such sales were wholesale sales within the meaning of the above statute.

Appellants contend that the Marion Superior Court exceeded its jurisdiction in granting a twofold relief,

that is, the declaratory judgment and a permanent injunction. Since the judgment did not grant any executory or coercive relief this contention of the appellant must fail. *Brindley* v. *Meara* (1935), 209 Ind. 144, 198 N. E. 301.

Appellants also contend that since the appellee had a clear and adequate remedy under the act that there was no necessity for seeking a declaration of rights under the declaratory judgment act. This question has also been decided adversely to the appellant's contention by the Supreme Court in *Department of Treasury* v. *Ridgely* (1936), 211 Ind. 9, 15, 4 N. E. (2d) 557. The court there said "The fact that the statute provides a method of obtaining a refund if the taxpayer see fit to pay the tax does not necessarily make this remedy exclusive, . . ." The remedy provided by the act is additional and cumulative, not exclusive.

In all of the instances disclosed by the evidence here the sales were made to institutional homes for consumption by the inmates and therefore it must be held, under authority of the recent case of *Storen* v. *Adams* (1937), 212 Ind. 343, 348, 7 N. E. (2d) 941, that they are sales to ultimate consumers. In that case the court said, "The basic tax upon taxpayers generally is one per cent. Section 4 (§64-2604 Burns' Ann. St. 1933, §15984 Baldwin's 1934) recognizes that the same person or corporation may be taxable upon different parts of his income at different rates, and provides that each person shall be subject to taxation at the highest rate applicable to any part of his gross income unless he shall segregate the parts subject to different rates. . . .

"The rate does not depend upon the business in which the taxpayer is primarily engaged, but upon the activity from which each item of his gross income is received. Sales to ultimate consumers must be regarded as retail

sales, whether made by the producer of the article sold or another." This means that the appellee here if it chooses to keep separate accounts for income from different sources may be taxed thereon at different rates and that if it does not it must be taxed thereon at the highest rate applicable to any part of its business.

The judgment of the Marion Superior Court is reversed with instructions to enter a declaratory judgment in conformity with this opinion.