## STATE EX REL. INDIANA DEPT. OF REVENUE *v.* MARION CIRCUIT COURT.

[No. 969S219. Filed December 31, 1970. No petition for rehearing filed.]

*Theodore L. Sendak,* Attorney General, *Hugh R. Couch,* Deputy Attorney General, *John T. Carmody,* Deputy Attorney General, for petitioner.

*Patrick R. Taylor,* of Martinsville, for respondent.

DeBruler, J.—This is an original action brought by petitioner for Writ of Prohibition against respondent court. This Court has previously issued a temporary Writ of Prohibition directing the respondent trial court to refrain from proceeding further or exercising jurisdiction in any and all matters pertaining to this cause of action. The Writ of Prohibition is hereby made permanent.

The plaintiff in the trial court, Speedway Auto Laundry, Inc., filed a complaint praying the respondent court to enjoin the petitioner from collecting certain corporate income taxes assessed against the plaintiff. The respondent court issued a temporary restraining order pending an evidentiary hearing and subsequent to that hearing issued a temporary injunction enjoining the petitioner from attempting to collect the additional taxes from the plaintiff, Speedway Auto Laundry, Inc. The respondent court overruled petitioner's Motion to Reconsider the Verified Motion to Dismiss and petitioner was granted relief in this Court by the aforementioned temporary Writ of Prohibition which is now made permanent.

The issue before this Court is whether the respondent court has subject matter jurisdiction in this cause of action.

The plaintiff, Speedway Auto Laundry, Inc., relies on the case of *Department of Treasury* v. *Ridgely, et al.* (1936), 211 Ind. 9, 4 N. E. 2d 557, to invoke the jurisdiction of the respondent court. In that case the plaintiff taxpayer sought and obtained an injunction to restrain the State from attempting to collect certain gross income taxes. On appeal, while reversing on other grounds, this Court upheld the granting of the remedy:

"The statute further provides that any person improperly charged with any tax under this act and required to pay the same, may recover the amount improperly collected, together with interest in a proper action against the department of treasury, and also provides that the circuit court of the county in which the taxpayer resides shall have original jurisdiction of such suits. This section further provides for an appeal by either party to such suit as in other

civil actions. This statute nowhere expressly states that the remedy therein provided shall be exclusive.

"We are of the opinion that under the facts as they appear in this record appellees are not limited to the remedy provided for in section 12, *supra*. He is not compelled to pay the unlawful and unauthorized tax or permit the state to make sale of his personal property and real estate to pay said tax, but he may seek relief in a court of equity by a suit to enjoin the proper officers from collecting such a tax." 211 Ind. at 13, 14.

Subsequently, Indiana's Gross Income Act was amended to read in part:

"(a) If any person considers that he has paid to the department for any year an amount which is in excess of the amount legally due from him for that year under the terms of this act, he may apply to the department, by petition in writing, at any time, within three years after the payment for the annual period for which such alleged overpayment has been made, for a correction of the amount so paid by him to the department, and for a refund of the amount which he claims has been illegally collected and paid. In such petition, he shall set forth the amount which he claims should be refunded, and the reasons for such claim. The department shall promptly consider such petition, and may grant such refund in whole or in part, or may wholly deny the same. If denied in whole or in part, the petitioner shall be forthwith notified of such action of the department, and of its grounds for such denial. The department may in its discretion, grant the petitioner a further hearing with respect to such petition. Any person improperly charged with any tax provided for under the terms of this act, and required to pay the same, may recover any amount thus improperly collected, together with interest, in a civil action or suit against the department in the circuit or superior court of the county of his residence or business location, then in the Marion circuit or superior court. The state hereby consents to such suits in said courts and no others and said courts are hereby granted exclusive jurisdiction of said suits: Provided, however, That except as hereinafter provided, no court shall have jurisdiction over any such suit unless the taxpayer shall show that the complaint therein was filed within three months after he shall have received notification of the action of the department de-

nying said petition for refund in whole or in part. In the event that the department shall take no action upon such petition for refund in whole or in part. In the event that the department shall take no action upon such petition for refund within six months after the same shall have been filed, the taxpayer may elect to institute such suit for refund at any time thereafter, but not more than three months after such claim shall have been denied in whole or in part, in no event more than three years from the date of the filing of the claim for refund. Any such petition shall be subject to the provisions of section 11(b). In every such action, a copy of the complaint shall be served upon the department, with the summons, which summons shall be so served at least thirty days before the return date thereof. It shall not be necessary for any taxpayer to protest against the payment of the tax in order to maintain such suit. In any suit to recover taxes paid, or to collect taxes, imposed under the provisions of this act, the court shall adjudge costs to such extent and in such manner as may be deemed equitable.

\* \* \*

"(d) No injunction to restrain or delay the collection of any tax claimed to be due under the provisions of this act shall be issued by any court, but in all cases in which, for any reason, it be claimed that any such tax about to be collected is wrongful or illegal in whole or in part, the remedy, except as otherwise expressly provided in this act, shall be by payment and action to recover such tax as provided in this section." Acts 1933, ch. 50, § 14A, as added by Acts 1955, ch. 165, § 2.

It is clear that the remedy thus provided by the Legislature is and is intended to be the sole and exclusive remedy available to question the legality of the imposition of a tax under the Indiana Gross Income Tax Law.

We hold, therefore, that the respondent court is without subject matter jurisdiction to enjoin or restrain the petitioner from attempting to collect the taxes in question from the plaintiff.

It is therefore, considered, ordered, adjudged and decreed the respondents be and they are hereby commanded and directed to permanently refrain from proceeding further or

exercising jurisdiction in any and all matters pertaining to the cause of *Speedway Auto Laundry, Inc.* v. *Indiana Department of State Revenue and James O. Mathis, Commissioner,* being Cause No. C 69-920 in the Circuit Court of Marion County, State of Indiana.

Hunter, C.J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 265 N. E. 2d 241.