The STATE of Indiana, Indiana Department of Revenue, Defendant-Appellant,

v.

MEADOWOOD I. U. RETIREMENT COMMUNITY, INC., Plaintiff-Appellee.

No. 1–281A51.

Court of Appeals of Indiana, First District.

Sept. 22, 1981.

Rehearing Denied Dec. 1, 1981.

Linley E. Pearson, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

Frank A. Barnhart, Baker, Barnhart & Andrews, Bloomington, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The State of Indiana, by its Department of Revenue (Department), appeals from the declaratory judgment of the Brown Circuit Court, which found Meadowood I.U. Retirement Community, Inc. (Meadowood) to be exempt from the Indiana gross income tax and Indiana sales and use tax. We reverse and remand.

## STATEMENT OF THE FACTS

Meadowood was organized as a not-for-profit corporation on March 24, 1977, to provide housing and related facilities and services for the elderly. Persons eligible for membership include retired Indiana University (I.U.) faculty and staff, spouses of deceased faculty and staff, I.U. alumni, and other persons determined by the Board of Directors of Meadowood to be significantly related to I.U. Upon paying a membership fee, these individuals could apply for residency at Meadowood. Their application would be reviewed by an admissions committee to determine whether the individuals have sufficient financial resources to live at Meadowood. Residents at Meadowood would pay an initial residency fee ranging from $20,000 to $70,000, depending on the size of the living unit, monthly service charges, and a security deposit. At the time of trial, Meadowood's facilities were in the building stage. Upon completion, these facilities were to include one hundred eighty-four independent living units, a health clinic, a community center, a dining facility, exercise facilities, and recreational facilities.

Meadowood has been granted tax-exempt status by the Internal Revenue Service, special mailing privileges by the U.S. Postal Service as a philanthropic organization, and a property tax exemption from the City of Bloomington. However, Meadowood's 1977 income tax return for a not-for-profit organization exempt from Indiana gross income tax was returned by Department on July 20, 1978, because Meadowood did not have a not-for-profit registration number issued by Department. On July 25, 1978, Meadowood applied for tax-exempt status with Department, and Department denied the application on October 11, 1978, finding Meadowood to be subject to Indiana gross income tax and sales and use tax. This denial was affirmed on administrative appeal on April 25, 1979. Meadowood's Form IT–35AR, Indiana Return for Not-for-Profit Organization Exempt from Indiana Gross Income Tax, which was filed on May 15, 1979, was returned by Department on May 25, 1979, because Meadowood did not qualify for exempt status.

Meadowood filed suit on July 2, 1979, requesting a declaratory judgment that it is a corporation organized and operating exclusively for charitable, educational, and

civic purposes. The trial court entered a judgment declaring Meadowood to be owned and operated for charitable, educational, and civic purposes and to be exempt from Indiana gross income tax and Indiana sales and use tax under Ind.Code 6–2–1–7(i)(1) and Ind.Code 6–2.5–5–25.

## ISSUES

Department raises the following issues, which we have consolidated and restated, for our consideration:

1. Whether the trial court lacked subject matter jurisdiction of this case.

2. Whether the trial court's decision that Meadowood is a tax-exempt corporation is contrary to law.

## DISCUSSION AND DECISION

*Issue One*

Department contends Meadowood could not seek relief from Department's adverse ruling on Meadowood's tax exempt status by means of a declaratory judgment action in circuit court. Specifically, Department states that Meadowood's remedy is contained in Ind.Code 6–2–1–19(a) (repealed 1981) and that pursuant to IC 6–2–1–19(a) (repealed 1981) Meadowood must pay the taxes and then bring an action to recover those taxes as provided in the statute. This remedy, Department alleges, is the sole remedy which Meadowood can use because of Ind.Code 6–2–1–19(d) (repealed 1981), which states:

"(d) No injunction to restrain or delay the collection of any tax claimed to be due under the provisions of this act shall be issued by any court, but in all cases in which, for any reason, it be claimed that any such tax about to be collected is wrongful or illegal in whole or in part, the remedy, except as otherwise expressly provided in this act, shall be by payment and action to recover such tax as provided in this section."

Meadowood contends IC 6–2–1–19(d) (repealed 1981) does not apply to declaratory relief or to the present case since no tax was to be collected or had been assessed at the time suit was filed. We disagree.

The issue of whether IC 6–2–1–19(d) (repealed 1981) applies to an action for declaratory relief has been decided adversely to Meadowood in *Indiana Dept. of State Revenue v. Indiana Gamma Gamma of Alpha Tau Omega, Inc.,* (1979) Ind.App., 394 N.E.2d 187, *trans. denied.* In the *ATO* case, the plaintiff, Indiana Gamma Gamma Chapter of Alpha Tau Omega, Inc. (ATO), brought a suit against Department for a refund of taxes and for a declaratory judgment, alleging that it had been compelled to pay Indiana gross income tax and wrongfully denied a refund since it was exempt from such tax. The trial court found that ATO was entitled to a refund and also found the plaintiff to be exempt from paying Indiana gross income tax and Indiana sales and use tax. On appeal, Department contended the trial court lacked subject matter jurisdiction to enter a declaratory judgment in the case. This court agreed with Department. Judge Lybrook, after reviewing the provisions of IC 6–2–1–19 (repealed 1981), stated:

"The emphasized language in Ind.Code 6–2–1–19, *supra,* has been uniformly interpreted by the courts to be an explicit expression of the intent of the legislature that a taxpayer's sole and exclusive remedy, whether requesting a refund or questioning the legality of the imposition of a tax, is the statutory remedy provided by that section. *Marhoefer Pkg. Co., Inc. v. Ind. Dept. of State Rev.,* (1973) 157 Ind. App. 505, 301 N.E.2d 209; *State ex rel. Ind. Dept. of Rev. v. Marion Circuit Court,* (1970) 255 Ind. 501, 265 N.E.2d 241. Consequently, the trial court was without subject matter jurisdiction to grant declaratory relief as to the status of ATO as a taxpayer."

394 N.E.2d at 191.

Meadowood argues that *ATO* is distinguishable from the present case because "[t]he declaratory aspect of the judgment was more in the form of a finding of fact and conclusion of law with the true impact of the trial court judgment being injunctive relief of *an assessed tax....*" Appellee's

Brief at 13. Contrary to appellee's assertion, there was no injunctive relief granted in *ATO*; rather, the trial court awarded ATO, pursuant to the provisions of IC 6–2–1–19(a) (repealed 1981), a refund of taxes it had voluntarily paid. In addition, declaratory relief was granted by the trial court.

Also, Meadowood asserts that *ATO* was reversed in 1980 by the addition of Ind.Code 6–2–1–7(i)(1.1), which is retroactive to January 1, 1977. Indiana Code 6–2–1–7(i)(1.1) is germane to the determination of the tax-exempt status of a fraternity or sorority and does not affect this court's determination in *ATO* that the trial court lacked subject matter jurisdiction to grant declaratory relief.

Next, Meadowood states that IC 6–2–1–19(d) (repealed 1981) is not applicable to the present case because no tax assessment has been made. The basis for its statement is the language contained in IC 6–2–1–19(d) (repealed 1981): "but in all cases in which, for any reason, it be claimed that any such tax about to be collected is wrongful or illegal in whole or in part . . . ." We find that Meadowood's view of IC 6–2–1–19(d) (repealed 1981) would create an anomaly if we were to accept it. A taxpayer who was assessed by Department for taxes which had not been paid would be limited to the remedies contained in IC 6–2–1–19(d) (repealed 1981), while a taxpayer whose returns are rejected, but against whom no assessment has been made by Department, would have no limitation on his or her remedies if he or she could race to the courthouse before an assessment has been made.

Such an anomalous situation is necessary, Meadowood states, because unless an assessment is made, taxpayer has no statutory remedy and thus could be left in a Catch–22 position during the three year period in which Department has to make an assessment. This contention is erroneous. Under the provisions of IC 6–2–1–19(a) (repealed 1981), a taxpayer need not wait for an assessment by Department, but may pay voluntarily the taxes owed and then request a refund. If the refund is denied, the taxpayer may bring suit in circuit or superior court. Thus, a taxpayer is not left in a Catch-22 situation.

As stated by Justice DeBruler in *State ex rel. Indiana Dept. of State Revenue v. Marion Circuit Court*, (1970) 255 Ind. 501, 265 N.E.2d 241, 243: "It is clear that the remedy thus provided by the Legislature is and is intended to be the sole and exclusive remedy available to question the legality of the imposition of a tax under the Indiana Gross Income Tax Law." Therefore, we hold that the statutory remedy is exclusive regardless of whether an assessment has been made against the taxpayer.

Judgment of the trial court is reversed and the case is remanded with instructions to vacate the judgment and sustain Department's Motion to Dismiss.

NEAL, P. J., and ROBERTSON, J., concur.