**STATE of Indiana, Appellant (Cross–Defendant Below),**

v.

**Stephen Alan SPROLES, Appellee (Cross–Plaintiff Below).**

**Linda Lee Connors and Jo Ellen Roach, Appellees (Plaintiffs Below).**

No. 47S00–9512–CV–1348.

Supreme Court of Indiana.

Nov. 8, 1996.

Pamela Carter, Attorney General of Indiana, David A. Arthur, Deputy Attorney General, Office Of Attorney General, Indianapolis, for Appellant.

Nick J. Herthel, Bedford, for Appellee.

BOEHM, Justice.

This case presents the question whether courts of general jurisdiction may entertain a claim that a tax administered by the Department of State Revenue is unconstitutional.[1] No case has considered this question since the creation of the Indiana Tax Court in 1986. We hold that taxpayers must invoke administrative remedies to bring such challenges, and that once these remedies have

---

1. This case deals with a "listed tax" under IND. CODE § 6–8.1–1–1 (Supp.1996), which defines listed taxes to include over 35 different taxes and fees, including the adjusted gross income tax, sales tax, and gasoline tax. The tax here is the Controlled Substance Excise Tax (CSET). IND. CODE §§ 6–7–3–1 to 6–7–3–20 (1993 & Supp. 1996). The Legislature deleted the CSET from this enumerated list in 1996. See 1996 Ind.Acts, P.L. 65, § 8. However, the CSET is still a listed tax because it falls within the residual provision at the end of Section 6–8.1–1–1: "Listed taxes or taxes includes ... any other tax or fee that the department is required to collect or administer" (internal quotation marks omitted).

been pursued judicial review may be sought only in the Tax Court.

## I. Factual & Procedural Background

Generally, this case involves a fact pattern becoming familiar to this Court: arrest and prosecution of the taxpayer under the criminal laws for illegal possession of a controlled substance, and taxation of the controlled substance by the Department, followed by a constitutional challenge to one or both of the penalties on double jeopardy grounds. *See, e.g., Bryant v. State,* 660 N.E.2d 290 (Ind. 1995).[2]

In this case, the Department of State Revenue served cross-plaintiff Stephen A. Sproles, an Indiana resident, with a Record of Jeopardy Finding, Jeopardy Assessment Notice and Demand on April 12, 1993.[3] R. at 15. Acting under the CSET, the Department sought to collect unpaid taxes and penalties in the amount of $154,996 for Sproles' possession of a controlled substance. R. at 15. Two days later, on April 14, 1993, the State charged Sproles in Lawrence Circuit Court with two counts of possessing marijuana[4] and one count of maintaining a common nuisance,[5] in this case both Class D felonies. R. at 17. Sproles pleaded guilty on August 16, 1993 to one count of marijuana possession and was later sentenced to 18 months in jail with all but 180 days suspended. R. at 19–21.

The tax code outlines the administrative steps taxpayers can take to protest a listed tax assessment. IND.CODE § 6–8.1–5–1 (1993). In accordance with these procedures, on May 13, 1993 Sproles filed a timely protest of the CSET assessment and requested an administrative hearing. R. at 55–61. As of May 11, 1994, Sproles still had not received a hearing on his protest.[6] R. at 55–56. Meanwhile, the Department recorded a judgment lien against Sproles on April 14, 1993 in the Lawrence Circuit Court Clerk's Office, which clouded title to all of Sproles' real estate interests. R. at 18. At the time the CSET was levied against him, Sproles owned property as tenant in common with plaintiffs Jo Ellen Roach and Linda Lee Connors.[7] R. at 5.

On September 29, 1993 Connors and Roach filed an action in the Lawrence Circuit Court to partition this property. R. at 5. The State, through the Department, became a defendant by virtue of the Department's tax lien against Sproles. R. at 1–5. Apparently impatient with the Department's delay in responding to his protest, on April 4, 1994 Sproles filed a cross-claim against the State in the partition action seeking declaratory relief based on several state and federal constitutional violations. R. at 11–14. On October 21, 1994, the Lawrence Circuit Court issued a declaratory judgment that the CSET, as applied to Sproles, violated the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. R. at 115–16. No ruling was made on the other constitutional claims. The State asserted in its briefs opposing Sproles' motion that the trial court lacked jurisdiction to hear the constitutional claims, but the trial court did not address this contention in its order or otherwise explain the basis of its jurisdiction. R. at 8–9, 115–16. The State timely appealed this judgment to the Court of Appeals, which

2. Our recent holding in *Bailey v. Indiana Dept. of State Revenue,* 660 N.E.2d 322 (Ind.1995) appears to moot Sproles' constitutional challenge to the CSET because the tax assessment in this case, as in *Bailey,* occurred before Sproles pleaded guilty to marijuana possession, and therefore was the first "jeopardy" for purposes of the Fifth Amendment's Double Jeopardy Clause. Under *Bryant,* the CSET is an unconstitutional double jeopardy only if the tax is assessed after the jury is sworn in the taxpayer's criminal trial. Even if *Bailey* defeats Sproles' claim on the merits, jurisdiction to entertain the claim remains a threshold question.

3. Because the CSET is a "jeopardy assessment," *see* IND.CODE § 6–7–3–13 (1993), the Department

may expedite CSET collections by requiring immediate payment of the tax upon assessment. If payment is not made immediately, the Department may seize the taxpayer's property to satisfy the assessment. IND.CODE § 6–8.1–5–3 (1993).

4. IND CODE § 35–48–4–11 (1993).

5. IND.CODE § 35–48–4–13 (1993).

6. Sproles asserts in his brief that this remained true as of August 1995.

7. Roach and Connors are appellees here solely because they are parties in the trial court. Ind. Appellate Rule 2(B).

transferred the case to this Court under Indiana Appellate Rule 15(M). We have exclusive jurisdiction to adjudicate this appeal because a state statute has been declared unconstitutional. App.R. 4(A)(8).

## II. Issue Presented

■ The question before us today is one of first impression: must a taxpayer pursue statutory remedies in order to challenge a listed tax as violating the U.S. Constitution, or may the taxpayer bypass the Tax Court and administrative remedies by filing an action in a circuit court? The threshold question is the jurisdiction of the circuit court: "When confronted with what appears to be a constitutional claim, a tribunal must first determine for itself that it has the judicial authority to litigate it." *Board of Com'rs v. Kokomo City Plan Com'n*, 263 Ind. 282, 330 N.E.2d 92, 95 (1975). Although circuit courts are presumed to have subject-matter jurisdiction, *Mishler v. County of Elkhart*, 544 N.E.2d 149, 151 (Ind.1989), "Indiana courts have only such jurisdiction as is granted to them by our Constitution and statutes." *Carpenter v. State*, 266 Ind. 98, 360 N.E.2d 839, 841 (1977). Circuit courts have original jurisdiction in all civil cases "except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction." IND.CODE § 33–4–4–3(a)(1993). The Tax Court's territorial jurisdiction over tax protests and appeals is statewide. IND.CODE § 33–3–5–2 (1993). Accordingly, if the Tax Court's jurisdiction over such claims is exclusive, then the Lawrence Circuit Court had no authority to entertain Sproles' declaratory relief action unless taxpayers may bypass available administrative remedies altogether.

## III. Creation & Jurisdiction of the Tax Court

■ In an effort to channel tax disputes to a specialized tribunal, the Indiana Legislature created the Tax Court in 1986. *See* IND.CODE §§ 33–3–5–1 to 33–3–5–20 (1993 & Supp.1996). The Tax Court's enabling statute declares that the Tax Court "has exclusive jurisdiction over any case that arises under the tax laws of this state and that is an initial appeal of a final determination" of the Department or Board of Tax Commissioners. IND.CODE § 33–3–5–2(a)(1993). Therefore, if two prerequisites are met, the Tax Court has exclusive jurisdiction.[8] First, the case must "arise under" the tax laws. This is a term with a substantial judicial history. Federal courts have subject-matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331 (1994). We recognize that federal doctrine generally follows the well-pleaded complaint rule of *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), which requires that the claim be based on federal law to confer jurisdiction under § 1331. Or, as Justice Oliver Wendell Holmes concisely stated shortly after *Mottley*, "a suit arises under the law that creates the action."[9] Since *Mottley*, the U.S. Supreme Court in several decisions has wrestled with when a case arises under federal law.[10] However, as several commentators have remarked, a precise understanding of this term has eluded judicial definition.[11] Assuming the Holmes test is the jurisdiction-

---

**8.** "[C]ases over which the tax court has original jurisdiction are referred to as original tax appeals." IND.CODE § 33–3–5–2(c)(1993)

**9.** *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916).

**10.** *See Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)(rejecting mechanical definition for "arising under" but emphasizing need for federal law that is an element of the claim to have a strong connection to plaintiff's case)(Cardozo, J.); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)(reaf-firming the well-pleaded complaint rule and holding that § 1331 jurisdiction is conferred when plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)(holding § 1331 jurisdiction exists where federal law that is an element of non-federal claim creates *a* cause of action, even if plaintiff's right to relief arises from another source).

**11.** *See generally* CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS § 17, at 103–05 (5th ed.1994); ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 5.2.3 (2d ed.1994).

al "core" of § 1331, the penumbra of federal-question jurisdiction remains somewhat opaque.

 If we were to apply the *Mottley* rule here, the Tax Court would not have subject-matter jurisdiction because Sproles' claim is grounded on the United States Constitution,[12] and not on an Indiana tax statute. Although some authority would arguably permit Sproles' constitutional challenge to fit into the outer contours of federal "arising under" jurisprudence, we need not undertake that exercise. We decline to adopt the more restrictive federal doctrine in construing the Tax Court's jurisdictional statute. As commentators and the Tax Court itself have noted, the policy underlying creation of the Tax Court was to consolidate tax-related litigation in one court of expertise.[13] This legislative purpose dictates a broader construction of the Tax Court's enabling statute than we would reach under federal guidelines. We believe the Legislature intended that all challenges to the tax laws—regardless of the legal theory relied on—be tried in the Tax Court. Accordingly, we hold that for purposes of § 33–3–5–2 a case "arises under" the tax laws if: 1) an Indiana tax statute creates the right of action; or 2) the case principally involves collection of a tax or defenses to that collection. Although Sproles' claim is based on the Constitution of the United States, his declaratory relief action squarely challenges the validity of an Indiana tax statute as applied.

In addition to the "arise under" test, the exclusive jurisdiction of the Tax Court under IND.CODE § 33–3–5–2(a) has a second requirement. To be governed by that section,

the original tax appeal must also be from the Department's "final determination" that the listed tax is owed. A taxpayer receives a final determination in one of two ways. The taxpayer can pay the tax, request a refund, and sue in the Tax Court if the request is denied. IND.CODE § 6–8.1–9–1 (1993). Alternatively, the taxpayer can protest the listed tax at the assessment stage and appeal to the Tax Court from a letter of findings denying the protest. IND.CODE § 6–8.1–5–1 (1993). Both remedies may be pursued simultaneously. IND.CODE § 6–8.1–9–1(c)(1993). The Legislature codified the latter procedure in 1993 even though the Tax Court commonly adjudicated appeals from a letter of findings before that time. *See* 1996 Ind. Acts, P.L. 71, § 17, *codified at* IND.CODE § 6–8.1–5–1(g) & (h)(1993); *GasAmerica Services, Inc. v. Dept. of Revenue*, 552 N.E.2d 860 (Ind.Tax 1990)(assuming letter of findings was "final determination" but holding refund statute to be exclusive remedy where tax was already paid). In addition to administrative relief that is ultimately reviewable by the Tax Court, taxpayers who have initiated an appeal can now seek an injunction in the Tax Court to enjoin collection of the listed tax pending the outcome of the original tax appeal. IND.CODE § 6–8.1–9–1 (d)(1993); *see also* IND.CODE § 33–3–5–11 (1993).

### IV. Pre–Tax Court Case Law on Exhaustion of Remedies

 The Tax Court's enabling statute clearly dictates that any taxpayer who pursues the protest, refund or injunction remedy may seek judicial review only in the Tax Court.[14] However, the statute fails to speak

---

12. The Double Jeopardy Clause applies to the Department because that clause has been incorporated into the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Although Sproles does not assert a violation of the Indiana Constitution or a federal statute, we see no reason why today's analysis and result would differ if such a claim were before us.

13. *See* J.B. King, *Some Very Significant Developments in Indiana Taxation*, 20 IND. L. REV. 361 (1987); Lawrence A. Jegen, III & John R. Maley, *Developments in Indiana Tax Law: Further Refinements of the Indiana Tax Court's Jurisdiction, and the Attack on Indiana's Property Tax System*,

24 IND. L.REV 1125 (1991); *see also Harlan Sprague v. Dept. of State Revenue*, 583 N.E.2d 214, 219 (Ind.Tax 1991)(construing "arise under" jurisdiction broadly in light of legislative purpose); *Bielski v. Zorn*, 627 N.E.2d 880, 886 (Ind.Tax 1994)(discussing legislative intent to create "single authoritative voice" on tax matters).

14. As noted above, Sproles has already started the administrative review process by protesting his CSET assessment. Sproles' protest was filed the day after the statutory amendment permitting appeals to the Tax Court from a letter of findings went into effect. *See* 1993 Ind.Acts, P.L. 71, § 17 (effective May 12, 1993); R. at 55. Conse-

explicitly to the issue before us today: whether the administrative process and Tax Court can be bypassed altogether by filing an action in a circuit court as Sproles has done here. To answer this question, we turn to prior Indiana cases addressing the exhaustion of remedies requirement in the tax setting. As explained below, a lengthy body of decisional law dating back to 1971 has consistently held that administrative remedies must be exhausted before a taxpayer may seek judicial review. Put concisely, these cases hold that taxpayers' means of challenging the legality of a state tax are limited to those granted by statute. These statutory remedies have historically contained two components: 1) administrative review of the tax appeal within the Department; and 2) judicial review of the Department's decision. The relevant statutes have also provided that exhausting the administrative component is a prerequisite to judicial review. The Legislature transferred jurisdiction over tax cases from the circuit courts to the Tax Court in 1986, but the exhaustion requirement was unchanged. In light of the policy underlying the creation of the Tax Court—to ensure uniformity in construction and application of the tax laws—the enabling statute's failure to declare more explicitly that statutory remedies are exclusive does not imply a remedy in a court of general jurisdiction. And once taxpayers are forced into the administrative paths, the only court for review of the issue is the Tax Court.

■ It is well-established by our cases that, as a general matter, administrative remedies must be exhausted before an aggrieved party may seek recourse in the courts. *See, e.g., Austin Lakes Joint Venture v. Avon Util.,* 648 N.E.2d 641 (Ind.1995); *Martin v. Monroe County Plan Com'n,* 660 N.E.2d 1073 (Ind.Ct.App.1996). The rationale underlying this policy, of course, is that administrative bodies have specialized expertise and thus are better suited to adjudicate the dispute in the first instance. In addition, if as here broader constitutional issues are reached, administrative action may resolve the case on other grounds without confronting broader legal issues. Because the right to appeal from a letter of findings has existed by statute for just three years, each of the Indiana decisions addressing the exhaustion question in challenges to the legality of a tax deals exclusively with the refund statute (IND.CODE § 6–8.1–9–1) and its predecessors. Where relevant, we note revisions to this statute, which often occurred in reaction to specific court decisions. In sum, although various provisions of the tax laws have been tweaked over the years, none of these changes affects the ultimate requirement of exhaustion of statutory remedies.

At one point taxpayers did have the remedy Sproles seeks to invoke. In *Dept. of Treasury v. Ridgely,* 211 Ind. 9, 4 N.E.2d 557 (1936), we held that the refund statute was not a taxpayer's sole recourse to challenge the legality of a tax. In that case, the taxpayer sought an injunction to restrain collection of the gross income tax. In holding that an injunction could issue, this Court relied on several 19th century Indiana decisions and also noted that the statute (then codified at § 64–2612) did not declare the refund procedure to be an exclusive remedy. 4 N.E.2d at 559–60. In addition, we reasoned that the statute did not deprive the Court of equity jurisdiction because legal remedies there were found to be inadequate. *Id.* at 560. In *Dept. of Treasury v. J.P. Michael Co.,* 105 Ind.App. 255, 11 N.E.2d 512 (1937), the Appellate Court relied on *Ridgely* to hold that a declaratory judgment was available to challenge the legality of a tax. However, *Ridgely* was overruled legislatively in 1937 when § 64–2612 was supplemented by § 64–2614 to read: "No injunction to restrain or delay the collection of any tax . . . shall be issued by any court[.]" 1937 Ind. Acts, ch. 117, § 14(d)(repealed and renumbered at IND. CODE § 6–2–1–19 in 1971 without substantive change). The judicial power to enjoin state tax collection was not restored until fifty years later when the Legislature gave the Tax Court this authority. IND.CODE § 33–3–5–11 (1993).

quently, Sproles will be able to present his contentions in the Tax Court after his administrative appeal is adjudicated.

In *State Ex Rel. Ind. Dept. of State Rev. v. Marion Cir. Ct.*, 255 Ind. 501, 265 N.E.2d 241 (1971), we held unanimously that trial courts indeed lacked subject-matter jurisdiction to issue injunctions in tax cases. There, the taxpayer sought to enjoin collection of a corporate income tax. 265 N.E.2d at 242. Citing the prohibition on injunctions the Legislature added to the refund statute in 1937, we held that "[i]t is clear that the remedy thus provided by the Legislature [paying the tax and requesting a refund] is and is intended to be the *sole and exclusive remedy* available to question the legality of the imposition of a tax under the Indiana Gross Income Tax Law." *Id.* at 243 (emphasis added). We thus affirmed in *Marion Circuit Court* that the Legislature meant what it said when it prohibited courts from creating judicial exceptions on equitable grounds to the administrative refund process.

In 1980, the refund statute was again revised, and § 6–8.1–9–1 replaced § 6–2–1–19, which was repealed. In the then-existing version of § 6–8.1–9–1(d), the Legislature provided that circuit courts "may not enjoin, restrain or delay the collection of any of the listed taxes, *regardless of the facts or legal theory on which the suit requesting that relief is brought.* The *only relief* that a court may grant is to allow a refund of taxes[.]" 1980 Ind. Acts, P.L. 61, § 1 (amended by 1985 Ind. Acts, P.L. 291, § 12) (emphasis added); *see*

*also* IND.CODE ANN. § 6–8.1–9–1, Hist. Note (West 1989). Even though this language was deleted in 1986 to allow the Tax Court to enjoin tax collections, the 1980–85 version of § 6–8.1–9–1(d) codified our holding in *Marion Circuit Court*, and reaffirmed the legislative intent that the administrative process be the taxpayer's sole and exclusive remedy.[15]

In the meantime, two Court of Appeals cases did permit declaratory relief actions without resort to then-existing statutory remedies. In *Mathis v. Cooperative Vendors, Inc.*, 170 Ind.App. 659, 354 N.E.2d 269 (1976), several cigarette vendors and distributors sued to enjoin application of the sales tax to retail cigarette sales. The plaintiffs had unsuccessfully protested their tax assessments under the 1971 analog (then codified at § 6–2–1–17) to the current protest scheme. *See* IND.CODE § 6–8.1–5–1 (1993). The court held that the refund statute applied only to "taxpayers," that the cigarette distributors were tax collection agents for the state and not taxpayers, and that the distributors, accordingly, could sue for equitable relief without paying the tax first. However, the cigarette distributors in *Mathis* lost on the merits because the sales tax there was construed to apply to cigarette sales. A similar result on the jurisdictional issue was reached in *State v. Indianapolis Airport Authority*, 173 Ind.App. 55, 362 N.E.2d 200 (1977).[16] These cases stand for the proposi-

**15.** Court of Appeals decisions following *Marion Circuit Court* reached the same result. In *Marhoefer Pkg. Co., Inc. v. Indiana Dept. of State Rev.*, 157 Ind.App. 505, 301 N.E.2d 209 (1973), the taxpayer applied to the Department of State Revenue for a refund of taxes voluntarily paid. 301 N.E.2d at 211. The Department denied this request. *Id.* The taxpayer subsequently sued in the Delaware Circuit Court to recover the allegedly overpaid taxes. *Id.* While it is unclear from the Court of Appeals' opinion on what legal theories the taxpayer relied in the trial court, the court framed the issue to be whether the statutory refund remedy was exclusive. *Id.* Citing *Marion Circuit Court*, the Court of Appeals rejected the taxpayer's reliance on *Ridgely* and held that the refund process was indeed the sole remedy. *Id.* at 211–13. In *Indiana Dept. of State Rev. v. Indiana Gamma Gamma*, 181 Ind.App. 664, 394 N.E.2d 187 (1979), the issue before the Court of Appeals was whether the Vigo Circuit Court had subject-matter jurisdiction to issue a declaratory judgment exempting a taxpayer from

the Gross Income Tax. Relying on *Marion Circuit Court*, the court held that the sole remedy for challenging an illegal tax levy was the statutory refund scheme. 394 N.E.2d at 190–92. The Court of Appeals faced the same issue in *State v. Meadowood I.U. Retirement Community*, 425 N.E.2d 721 (Ind.Ct.App.1981). Again citing *Marion Circuit Court*, the Court of Appeals reversed a declaratory judgment for the taxpayer and saw no reason to depart from its recent ruling in *Indiana Gamma Gamma*. *Id.* at 723–24.

**16.** In that case, the Court of Appeals held that an airport owner could seek injunctive relief from imposition of the gross income tax without paying the tax and seeking a refund because the airport was not a "person" or "taxpayer" within the meaning of the refund statute. *Indianapolis Airport Authority*, 362 N.E.2d at 201–02. The trial court's injunction was upheld on the ground that the airport owner was not a "person" as defined by the gross income tax. *Id.* at 202.

tion that plaintiffs are not required to exhaust remedies they do not have. These decisions do not suggest that a taxpayer who has a statutory remedy may circumvent it as Sproles seeks to do here.

In sum, *Ridgely* was quickly overruled by legislation, and *Marion Circuit Court* spawned an unbroken line of case law holding that taxpayers must pursue all administrative remedies before seeking judicial review. As explained below, these precedents govern the subclass of legal challenges at issue here—constitutional attacks on a listed tax.

## V. Exhaustion of Remedies in Constitutional Challenges

■ *Felix v. Indiana Dept. of State Revenue*, 502 N.E.2d 119 (Ind.Ct.App.1986) most closely addressed the issue before us today. There the taxpayer, who alleged violations of the federal Commerce Clause and Indiana Constitution, sued in the Johnson Circuit Court for a refund and injunctive relief from the Indiana Intangibles Tax. *Id.* Felix claimed the intangibles tax facially discriminated against interstate commerce. *Id.* The trial court dismissed for lack of subject-matter jurisdiction and lack of standing, because the taxpayer had not yet paid the tax at the time he filed suit. *Id.* at 120. *Felix* is similar to this case in that the taxpayer there also sought a declaration that a state tax violated the U.S. Constitution.

Felix advanced several arguments for reversing our requirement that he pursue administrative remedies before seeking judicial review. Felix asserted that: a) the administrative process would be "futile" and "ineffective"; b) the Department lacked any power to nullify a tax statute on constitutional grounds; and c) the Department could not disregard its own enabling statute. *Id.* at 121. In affirming the trial court's dismissal, the Court of Appeals cited *Marion Circuit Court* and *Meadowood* for the established proposition that the legality of a tax cannot be challenged until statutory remedies have been exhausted. *Id.* at 120. The court also relied on dicta from our decision in *Clark v. Lee*, 273 Ind. 572, 406 N.E.2d 646 (1980) suggesting—at least to the Court of Appeals—that exhaustion was a prerequisite in constitutionally-based challenges to a tax.[17] *Id.* at 121–22. Finally, the court offered several policy reasons for requiring exhaustion, including preserving order in the tax collection process and giving the Department an opportunity to revoke the assessment on non-constitutional grounds. *Id.* at 122.

■ *Marion Circuit Court* and its progeny clearly established the exhaustion requirement in tax cases, but only *Felix* directly addressed a constitutional challenge to a tax statute.[18] We recognize that some relevant additional considerations may arise when the challenge is on constitutional grounds. Construing the state and federal constitutions is not the job, nor an area of expertise, of the Department of State Revenue. Constitutional cases may not implicate statutory construction. Rather, the issue can turn on whether a settled interpretation of a tax provision runs afoul of constitutional protections—an entirely different analysis often well beyond the scope of the Department's expertise. In light of this difference, Sproles argues it is sensible to allow taxpayers to bypass the administrative process when making constitutional challenges, especially of a facial nature, to the tax laws. It is also true that the Department has no authority to strike down a tax statute. IND. CONST. art. III, § 1.

However, these are considerations that must be addressed to the Legislature. Re-

---

17. While *Clark* may imply what the Court of Appeals in *Felix* concluded, our comments there about exhaustion were not essential to our decision in that case. The taxpayers in *Clark* had clearly exhausted administrative remedies, and therefore that case has no bearing on what result is required when the administrative avenues are bypassed, as here.

18. One other case faced this issue, but ultimately dodged it. A taxpayer in *Emley v. Indiana Dept.*

*of State Revenue*, 536 N.E.2d 558 (Ind.Ct.App. 1989) challenged the constitutionality of the notice he had received of a tax assessment. The Court of Appeals in *Emley* appears to have assumed, without deciding, that the taxpayer could bring this challenge in a circuit court without exhausting administrative remedies, but held that the notice received was not constitutionally defective. *Id.* at 560–61.

quiring exhaustion of remedies even in constitutional cases is well within legislative discretion. Sound policy reasons exist, as the Court of Appeals noted in *Felix*, for requiring administrative review. Because the Legislature has never indicated that constitutional challenges should be subject to a different standard—even if those challenges are qualitatively different than mere issues of statutory interpretation—the rule of *Marion Circuit Court* controls today's result. Thus, to challenge the legality of the CSET Sproles must pursue the protest or refund administrative routes, followed by an original tax appeal in the Tax Court once the Department has issued a final determination on Sproles' claim. In the meantime, Sproles can seek an injunction from the Tax Court to enjoin collection of the CSET pending the outcome of his appeal.

 Finally, we see no federal constitutional bar to the scheme the Legislature has devised to challenge an Indiana tax. States have significant leeway in how they permit taxpayers to bring such claims. In *Nat'l Private Truck Council v. Oklahoma Tax Com'n*, 515 U.S. ——, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995), the U.S. Supreme Court held that in federal constitutional challenges to a state tax, state courts do not have to provide relief under 42 U.S.C. § 1983 if adequate remedies for challenging the tax exist under state law. A unanimous Court emphasized the strong federal policy of not interfering with state tax administration. —— U.S. at ——, 115 S.Ct. at 2354, 132 L.Ed.2d at 515–16. The Court noted that federal deference is codified in the Tax Injunction Act of 1937, which prohibits federal courts from enjoining collection of a state tax so long as a "plain, speedy and efficient remedy" is available in state court. 28 U.S.C. § 1341 (1994). Although the issue in *Nat'l Private Truck Council* was different from that before us today, the underlying rationale of that decision supports a wide

latitude given to the Indiana Legislature's preference as to procedures governing constitutional challenges to state taxes. If federal courts cannot hear federal constitutional challenges so long as adequate remedies for pursuing these claims exist under state law, then surely Indiana can determine how to adjudicate such suits in its own courts. Principles of state sovereignty and comity mandate no less. In short, nothing in the U.S. Constitution requires all Indiana courts to hear federal constitutional challenges to the imposition of an Indiana state tax. It is within the State's discretion to channel tax appeals to the administrative process and the Tax Court, so long as those remedies are adequate.

## VI. Administrative Remedies are Adequate

 This might be a different case if Sproles lacked adequate recourse at law, but here he does not.[19] On the contrary, the Legislature has provided a range of statutory remedies. As discussed above, the Tax Court can enjoin collection of the tax pending the outcome of the original tax appeal. IND. CODE § 6–8.1–9–1(d)(1993); *see also* IND. CODE § 33–3–5–11 (1993); *cf. Clifft v. Indiana Dept. of State Revenue*, 660 N.E.2d 310, 317–18 (Ind.1995)(CSET does not deny due process because taxpayer may seek to enjoin tax collection while pursuing statutory appellate rights). Sproles has already begun to challenge the CSET assessment under the protest process. *See* IND.CODE § 6–8.1–5–1 (1993). Sproles could also have paid the tax and sued for a refund. IND.CODE § 6–8.1–9–1(d)(1993). Thus, taxpayers in Sproles' position will eventually have their day in the Tax Court. It is for the Legislature to determine what taxpayers must do to get there. The Legislature's expansion of the jurisdiction of the Tax Court in 1993 to allow appeals from a letter of findings and the 1986 authorization of injunction proceedings in that court make clear there is no need to allow taxpayers to

---

19. The requirement that existing remedies be adequate has its roots in several sources. Foremost is that Indiana cannot deprive its citizens of their property without due process of law. U.S. CONST. amend. XIV. Selective enforcement of a tax statute also could give rise to an equal protection violation. *Id.; see Bielski*, 627 N.E.2d at

887 n. 19. Where remedies are found to be inadequate, courts of general jurisdiction may adjudicate the claim because the Indiana Constitution creates a right to judicial review of administrative actions. *State Ex Rel. State, Etc. v. Marion Superior Court*, 271 Ind. 374, 392 N.E.2d 1161, 1165 (1979).

circumvent the exclusive jurisdiction of the Tax Court over original tax appeals. With the removal of the requirement that a tax be paid before it can be challenged in court, the adequacy of the current administrative scheme is not open to question.[20]

 Whether the exhaustion requirement in constitutional cases is a wise idea is a matter for legislative determination. And the Legislature, in the form of numerous amendments to the administrative review process this century, has spoken. In light of Indiana's well-established policy favoring exhaustion of remedies, especially in tax cases, we hold that the "protest" and "refund" avenues for contesting a listed tax are not only adequate but exclusive. The Legislature's preference on this issue is neither arbitrary nor capricious. If circuit courts could invalidate listed taxes, a patchwork of conflicting rulings on a tax's legality could significantly affect the revenue-collection process and the budgeting that depends on those revenues. The Legislature understandably wanted to avoid this result when it created a specialized judicial tribunal for tax disputes.

## VII. Conclusion & Disposition

Having concluded that courts of general jurisdiction lack authority to entertain a constitutional challenge to a listed tax, we reverse the judgment of the Lawrence Circuit Court and order that Sproles' cross-claim for declaratory relief be dismissed. On remand, the partition action brought by plaintiffs Linda Lee Connors and Jo Ellen Roach should proceed on the merits. As the State has conceded, if the property is partitioned or sold Connors and Roach are entitled to take their resulting shares free and clear of the CSET lien. *McClure v. Raber*, 106 Ind.App. 359, 19 N.E.2d 891 (1939). The lien, subject to any defenses Sproles has, applies only to Sproles' interest in the property. Once partitioned, the lien follows Sproles' interest but

does not affect his former tenants in common.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

---

20. We again note that Sproles requested an administrative hearing on his protest in May 1993 and still had not received a hearing one year later. Although we can envision a case in which statutory remedies are adequate on paper but not in practice, Sproles has not made such a case on this record.