Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2014, 10:05 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**WARREN PARKS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WARREN PARKS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1308-PC-351 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Gregory Horn, Judge
Cause No. 89D02-1207-PC-6

**July 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Warren Parks ("Parks") appeals pro se the denial of his petition for post-conviction relief and argues that the Wayne Superior Court lacked subject matter jurisdiction to address his petition.

We affirm.

**Facts and Procedural History**

In 2011, Parks was convicted in Wayne Superior Court of Class B felony unlawful possession of a firearm by a serious violent felon. Parks also admitted that he was a habitual offender. The trial court ordered Parks to serve fifteen years for his Class B felony conviction and enhanced that sentence by an additional fifteen years for the habitual offender adjudication. Parks appealed his conviction, and our court affirmed his conviction on May 18, 2012 in a memorandum decision. See Parks v. State, No. 89A01-1111-CR-515 (Ind. Ct. App. May 18, 2012).

On July 16, 2012, Parks filed a *pro se* petition for post-conviction relief. In addition to alleging ineffective assistance of appellate counsel, Parks challenged the trial court's subject matter jurisdiction over the proceedings. The trial court denied Parks's "Motion to Challenge Sub-ject [sic] Matter Jurisdiction."

On May 23, 2013, the trial court held a hearing on Parks's petition at which appellate counsel testified. In an order dated July 29, 2013, the trial court denied Parks's petition for post-conviction relief after concluding that appellate counsel's performance was not deficient and Parks was unable to prove that counsel's performance prejudiced him. Parks now appeals.

**Discussion and Decision**

2

After reviewing Parks's rambling appellant and reply briefs, we conclude that his sole challenge on appeal is whether the trial court had subject matter jurisdiction over his underlying criminal proceedings and subsequent post-conviction proceedings. To support this challenge, Parks discusses a litany of irrelevant historical events, including the Civil War, the Emergency Banking Relief Act of 1933, and the creation of the Federal Reserve. His argument also includes his incoherent thoughts concerning the French Parliament. As if to emphasize the incredible nature of his claims, Parks appears to argue that because the State failed to produce a copy of the Indiana Constitution signed by Parks himself, the trial court lacked subject matter jurisdiction over him.

"[S]ubject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006); see also Troxel v. Troxel, 737 N.E.2d 745, 749 (Ind. 2000) (stating that subject matter jurisdiction exists where "a court has jurisdiction over the general class of actions to which a particular case belongs"). Parks committed his offense in Wayne County, Indiana and was charged with Class B felony unlawful possession of a firearm by a serious violent felon in Wayne Superior Court. The Wayne Superior Court had subject matter jurisdiction over the criminal charges and subsequent post-conviction proceedings. See Ind. Code § 33-29-1-1.5 ("All standard superior courts have . . . original and concurrent jurisdiction in all civil cases and in all criminal cases[.]").[1]

---

[1] "An Indiana Court obtains subject matter jurisdiction only through the Constitution or a statute." In re Adoption of L.T., 9 N.E.3d 172, 175 (citing State v. Sproles, 672 N.E.2d 1353, 1356 (Ind. 1996)). And "[s]ubject matter jurisdiction cannot be waived or conferred by agreement and can be raised at any time." Id. (citing Santiago v. Kilmer, 605 N.E.2d 237, 240 (Ind. Ct. App. 1992), trans. denied). Parks challenged

We therefore reject Parks's challenge to the trial court's subject matter jurisdiction and affirm the denial of his petition for post-conviction relief.

Affirmed.

RILEY, J., and CRONE, J., concur.

---

the Wayne Superior Court's subject matter jurisdiction in a pleading filed during the post-conviction proceedings.