WINSKI BROTHERS, INC., et
al., Appellants–Plaintiffs,

v.

Evan BAYH, as Governor of the State of
Indiana, et al., Appellees–Defendants.

No. 49A04–9607–CV–271.

Court of Appeals of Indiana.

May 6, 1997.

Rehearing Denied July 15, 1997.

Gene R. Leeuw, Charleyne L. Gabriel, John M. Mead, Leeuw Plopper & Beeman, P.C., Indianapolis, Craig R. Finlayson, Swift & Finlayson, Fort Wayne, for Appellants–Plaintiffs.

Pamela Carter, Attorney General, David A. Arthur, Deputy Attorney General, Indianapolis, for Appellees–Defendants.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-Plaintiff, Winski Brothers, Inc., on behalf of itself and a putative class of owners of resource recovery systems (collectively, "Winski"), appeals the dismissal of its complaint for lack of subject matter jurisdiction. We affirm.

### Issue

Winski raises several issues which we restate as: whether a court of general jurisdiction has subject matter jurisdiction over a case which challenges the constitutionality of certain 1995 amendments to Ind.Code § 6–1.1–12–28.5 regarding property tax deductions for resource recovery systems ("RRS").

### Facts and Procedural History

Winski is the owner of an RRS first certified for a property tax deduction in the 1994 assessment year. Following the Indiana General Assembly's amendment of the RRS property tax deduction statute, which became effective May 1, 1995 and eliminated Winski's deduction, Winski filed an action against the Governor and various county treasurers (collectively, "Governor"). Winski sought to enjoin enforcement of the 1995 amendment and to declare the amendment void and unenforceable as violating the privileges and immunities provision of Ind. Const. art. I, § 23, the local or special laws provision of Ind. Const. art. IV, § 22, the general and uniform

laws provision of Ind. Const. art. IV, § 23, the uniform property assessment and taxation provision of Ind. Const. art. X, § 1, and the Equal Protection Clause of U.S. Const. amend. XIV, § 1. Winski later filed a motion for certification as a class action.

The Governor moved to dismiss for lack of subject matter jurisdiction, which the trial court granted without opinion. Winski appeals the dismissal.

### Discussion and Decision

Subject-matter jurisdiction is the power of a court to hear and decide a particular class of cases. *Doe by Roe v. Madison Center Hosp.*, 652 N.E.2d 101, 103 (Ind.Ct.App. 1995), *trans. dismissed.* The issue of subject-matter jurisdiction is resolved by determining whether the claim involved falls within the general scope of authority conferred on a court by the Indiana Constitution or by statute. *Id.* When a trial court is confronted with a motion to dismiss under T.R. 12(B)(1), it must decide upon the complaint, the motion, and any affidavits or other evidence submitted whether it possesses the authority to further adjudicate the action. *Id.* Because the facts are not in dispute for the purposes of this appeal, and we could have raised the question of subject matter jurisdiction *sua sponte*, we are in as good a position as the trial court to determine it. *Id.*

As originally enacted, Ind.Code § 6-1.1-12-28.5 created an incentive to recycle hazardous waste and solid waste by providing a large property tax deduction for tangible property used to convert the waste into energy or other useful products. P.L. 52-1979, SEC. 2. This RRS deduction created a ninety-five percent (95%) deduction from the assessed value of the RRS. In 1995, the legislature amended the statute, effective May 1, 1995, so that deduction would only be available for systems certified for the 1993 assessment year or earlier, and phased out the deduction entirely after the 1997 assessment year.[1] P.L. 25-1995, SEC. 15. One effect of this amendment was that an RRS first certified in 1994 would no longer receive any deduction.

■ Winski first argues that the trial court has subject matter jurisdiction over its complaint because to exhaust its administrative remedies would be futile. The general rule is that a party is not entitled to judicial relief for an alleged or threatened injury until the prescribed administrative remedy has been exhausted. *Austin Lakes Joint Venture v. Avon Util., Inc.*, 648 N.E.2d 641, 644 (Ind.1995). Well recognized exceptions to the general rule requiring exhaustion of administrative remedies exist where the administrative remedy is inadequate or would be futile. *Ahles v. Orr*, 456 N.E.2d 425, 426 (Ind.Ct.App.1983). Winski contends that an

1. Pertinent sections of the revised statute are as follows:

Except as provided in this section, the owner of a resource recovery system is entitled to an annual deduction in an amount equal to ninety-five percent (95%) of the assessed value of the system if:

(1) *the system was certified by the department of environmental management for the 1993 assessment year or a prior assessment year;* and

(2) the owner filed a timely application for the deduction for the 1993 assessment year.

For purposes of this section, a system includes tangible property that replaced tangible property in the system after the certification by the department of environmental management.

Ind.Code § 6-1.1-12-28.5(b)(emphasis added).

The certification of a resource recovery system by the department of environmental management for the 1993 assessment year or a prior assessment year is valid through the 1997 assessment year so long as the property is used as a resource recovery system. If the property is no longer used for the purpose for which the property was used when the property was certified, the owner of the property shall notify the county auditor. However, the deduction from the assessed value of the system is:

(1) ninety-five percent (95%) for the 1994 assessment year;

(2) ninety percent (90%) for the 1995 assessment year;

(3) seventy-five percent (75%) for the 1996 assessment year; and

(4) sixty percent (60%) for the 1997 assessment year.

Notwithstanding this section as it existed before 1995, for the 1994 assessment year, *the portion of any tangible property comprising a resource recovery system that was assessed and first deducted for the 1994 assessment year may not be deducted for property taxes first due and payable in 1995 or later.*

Ind.Code § 6-1.1-12-28.5(d) (emphasis added).

administrative agency is incapable of determining constitutional claims, rendering such procedure futile. "[T]he resolution of such a purely [constitutional] issue is beyond the expertise of the ... administrative channels and is thus a subject more appropriate for judicial consideration." *Wilson v. Board of Indiana Employment Sec. Div.*, 270 Ind. 302, 305, 385 N.E.2d 438, 441 (1979), *cert. denied*, 444 U.S. 874, 100 S.Ct. 155, 62 L.Ed.2d 101 (1979). This exception to the general rule has been narrowed to exclude tax cases, however. *Felix v. Indiana Dept. of State Revenue*, 502 N.E.2d 119, 121–22 (Ind.Ct.App. 1986) (holding that taxpayer was still required to go through tax refund procedure despite facial constitutional challenge to state intangibles tax). *See also State v. Sproles*, 672 N.E.2d 1353 (Ind.1996)(holding that constitutional challenge to controlled substance excise tax must pursue administrative routes, followed by appeal in Tax Court). *But see Bielski v. Zorn*, 627 N.E.2d 880 (Ind.Tax 1994) (holding that constitutional challenge to state system of real property taxation is a matter solely for judicial determination). Also, it is possible that a constitutional challenge can be resolved by an agency on non-constitutional grounds. We conclude that Winski must exhaust any available administrative remedy before seeking judicial review.

■ Winski next argues that there is no administrative remedy available for the elimination of its RRS deduction. Prior to the 1995 amendment to the RRS deduction statute, Ind.Code § 6–1.1–12–35(c) read as follows:

A denial of a deduction claimed under section 28.5 ... of this chapter may be appealed as provided in IC 6–1.1–15. The appeal is limited to a review of a determination made by the township assessor, county board of review, or state board of tax commissioners.

Winski claims that no determination was made by the assessor, county board, or state board, but that it was simply informed of the new statute and issued a revised tax statement by the county *auditor*.[2] The Governor contends that this section merely lists "the normal progression of an administrative appeal," from assessor to county board to state board. The Governor ignores the word "limited," however. Our Tax Court has stated that section 35(c)

authorizes an appeal from the denial of a RRS deduction. Its language is plain and unambiguous. It states that the denial of a RRS deduction 'may be appealed as provided in I.C. 6–1.1–15.' The appeal, however, 'is limited to a review of a determination made by the township assessor, county board of review, or state board of tax commissioners.' ... I.C. 6–1.1–12–35(c) does not authorize an appeal from the denial of an RRS deduction by a county auditor.

*Dalton Foundries, Inc. v. State Bd. of Tax Comm'rs*, 653 N.E.2d 548, 550 (Ind.Tax 1995) (citations omitted).

We conclude that Ind.Code § 6–1.1–12–35(c) does not provide an administrative remedy for an RRS deduction eliminated by statute, where the deduction has not been denied by a tax official. The Governor points us to no other authority providing an administrative remedy. We believe, however, that Winski should have claimed a refund of the tax installment paid, under Ind.Code § 6–1.1–26–1, rather than appeal the denial of the RRS deduction.[3] *See* 50 I.A.C. 4.2–3–14. By requiring Winski to first claim a refund, we need not address Winski's argument that the State Board of Tax Commissioners cannot review its RRS deduction because Ind.Code § 6–1.1–12–28.5 granted authority to certify such systems solely to the Department of Environmental Management. It is the tax installment, not the RRS certification, being reviewed.

---

**2.** Winski also contends that its RRS deduction was not actually denied at all, but legislatively eliminated.

**3.** Ind.Code § 6–1.1–26–1 reads, in part, as follows: "A person ... may file a claim for the refund of all or a portion of a tax installment which he has paid. However, the claim must be ... based upon one (1) of the following grounds: ... (ii) The taxes, as a matter of law, were illegal."

■ Because Winski seeks injunctive relief, we will also address whether this case was properly brought in a court of general jurisdiction, or whether it is within the exclusive jurisdiction of the Tax Court.[4] The Tax Court enabling statute states that the "tax court has exclusive jurisdiction over any case that arises under the tax laws of this state and that is an initial appeal of a final determination made by ... the state board of tax commissioners." Ind.Code § 33–3–5–2. Regarding the first jurisdictional requirement, that the case arise under the tax laws of the state, Winski argues that the case does not involve conflicting interpretations of a tax statute, but involves the constitutionality of a tax statute. Our supreme court has recently decided this very question by holding that "the Legislature intended that all challenges to the tax laws—regardless of the legal theory relied on—be tried in the Tax Court." *Sproles*, 672 N.E.2d at 1357. *Sproles* involved a constitutional challenge to the controlled substance excise tax. We conclude that Winski's claim, likewise, arises under the tax laws of the state.

Regarding the second jurisdictional requirement, Winski contends that there has been no final determination by the state board of tax commissioners, and thus the Tax Court is without jurisdiction. Our supreme court has recently answered this question too. *Sproles* also addressed "whether the administrative process and Tax Court can be bypassed altogether by filing an action in a circuit court." *Sproles*, 672 N.E.2d at 1358. The *Sproles* court held that "once taxpayers are forced into the administrative paths, the only court for review of the issue is the Tax Court." *Id.*[5] We conclude that Winski's action to enjoin the elimination of the RRS deduction should properly have been brought in Tax Court, but only after the administrative review process had begun.

We affirm the trial court's dismissal of Winski's claim for lack of subject matter jurisdiction for failure to exhaust administrative remedies.

RILEY and RUCKER, JJ., concur.

---

4. "A taxpayer who wishes to enjoin the collection of a tax pending the original tax appeal must file a petition with the tax court to enjoin the collection of the tax." Ind.Code § 33–3–5–11(b).

5. We note that "[w]here remedies are found to be inadequate, courts of general jurisdiction may adjudicate the claim because the Indiana Constitution creates a right to judicial review of administrative actions." *Sproles*, 672 N.E.2d at 1361 n. 19.