**AREA INTERSTATE TRUCKING, INC.,**
**Appellant–Intervenor–Plaintiff,**

v.

**INDIANA STATE DEPARTMENT OF REVENUE, Appellee–Defendant.**

No. 41A01–9012–CV–506.

Court of Appeals of Indiana,
First District.

June 26, 1991.

James H. Hanson, Lynne D. Lidke, Michael J. Tosick, Scopelitis, Garvin, Light & Hanson, Indianapolis, Tom G. Jones, Jones, Loveall & Johnson, Franklin, for appellant-intervenor-plaintiff.

Kevin Charles Murray, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee-defendant.

BAKER, Judge.

Today we [1] are asked whether a toll road is a highway. We determine that it is. The question arises out of Area Interstate Trucking, Inc.'s (Area) appeal from the trial court's final judgment denying Area's motion to intervene in a class action against the Indiana State Department of Revenue (the Department) to recover improperly assessed motor carrier fuel taxes.

Because we conclude a toll road is a highway, we hold Area was not a class member under the class definition and affirm the trial court's denial of Area's motion to intervene in the class action.

## FACTS

Schwerman Trucking Company (Schwerman) operates dump trucks which have a common fuel reservoir containing the fuel to propel the truck and operate a mechanism which raises and lowers the beds of the dump trucks. On June 27, 1986, Schwerman filed a class action against the Department contending that the Department had improperly assessed the motor carrier fuel tax pursuant to IND.CODE § 6-6-4.1-1 *et seq.* and that Schwerman and the class members were due tax refunds. The trial court approved a stipulation for class certification entered into by Schwerman and the Department which defined the class as follows:

> "That the class is composed of the following taxpayers: each person and/or entity who operates equipment which has a common fuel reservoir for locomotion along the highway and for another commercial purpose and who are subject to the taxes imposed by the Indiana Code, as amended I.C. 6-6-4.1-1, et seq."

Record at 34.

Area filed a motion for the court to recognize a subclass and appoint Area as its representative and a motion to intervene,

arguing its claim was like Schwerman's in that some of the fuel used by Area, a carrier, was used to traverse toll roads instead of public highways. Area argued toll roads are not highways and, therefore, the portion of Area's fuel consumed on the toll roads was fuel consumed for another commercial purpose and, in accordance with IND.CODE § 6-6-4.1-1(d), is not subject to the motor carrier fuel tax.

The trial court denied Area's motion to intervene and entered final judgment on the order, after finding that the motion was untimely and raised a question of law and fact not common to Schwerman's dispute with the Department, and that Area's intervention would prejudice settlement between the original parties by causing substantial delay. Area then filed this appeal. Subsequently, Schwerman and the Department filed a settlement agreement with the court acknowledging the agreement would have no effect on Area's claims.

In its order denying Area's motion to intervene, the trial court did not conclude explicitly that Area was not a member of the Schwerman class but restated the definition of the Schwerman class, noted the definition of highway found in IND.CODE § 6-6-4.1-1(f), stated that IND.AD-MIN.CODE tit. 45, r. 13-2-11 (1984) indicates a toll road is a highway for the purposes of IND.CODE § 6-6-4.1-1, and found, "Common Sense points to a conclusion that had the Legislature and the Department of State Revenue intended toll road usage to not be highway and to be 'another commercial purpose', specific language to this effect would have been used." Record at 264, Item 7. *See also* Record at 263, Items 3-5.

From the court's findings we may infer that it would find Area is not a class member if it were faced with the issue. Both parties ask us, for the sake of judicial economy, to decide whether Area is a class member. Area contends that its use of fuel upon the Indiana toll road is fuel consumption "for another commercial pur-

---

**1.** This action is before this court, instead of before the Indiana Tax Court, because the action was commenced in the Marion Superior Court on June 27, 1986, whereas the Indiana Tax Court did not come into existence until July 1, 1986. *See* IND.CODE § 33-3-5-1.

pose", just as is Schwerman's auxiliary power equipment fuel usage for the dump bed mechanism. Area argues it is, therefore, a member of the class defined by Schwerman and the Department. The Department contends a toll road is a highway and, therefore, the sole purpose of the equipment operated by Area is for locomotion along a highway and not for any other commercial purpose. Therefore, the Department concludes, Area was not a class member.

## DISCUSSION AND DECISION

Both Area and the Department agree the key issue in this case is the meaning and scope of the class definition stipulated to by Schwerman and the Department.[2] Specifically, the question is whether Area's claim for refunds of taxes paid on fuel used for transportation on a toll road brings it within the definition of class membership. On appeal, Area concedes that if it is not a class member there is no question of whether Schwerman was representing Area adequately and Area is not entitled to intervene.

As the appellant, Area has the burden of demonstrating reversible error. The trial court's judgment is clothed with a presumption that it is correct. *Indiana Dept. of Revenue v. Waterfield Mortgage Co.* (1980), Ind.App., 400 N.E.2d 212, 214.

▪ Our goal in construing statutes and regulations is to seek out and give effect to the intent of our legislature. *Superior Construction Co. v. Carr* (1990), Ind., 564 N.E.2d 281, 284; *Hamilton County Dept. of Public Welfare v. Smith* (1991), Ind.App., 567 N.E.2d 165, 169. In attempting to determine legislative intent, we give considerable deference to an interpretation of a statute by an administrative agency charged with administering the statute. *Indiana State Prison and State Employees' Appeals Commission v. Van Ulzen* (1991), Ind.App., 567 N.E.2d 1164,

1167; *Dept. of Revenue v. United States Steel Corp.* (1981), Ind.App., 425 N.E.2d 659, 666. Furthermore, "a long adhered to administrative interpretation dating from the legislative enactment, with no subsequent change having been made in the statute involved, raises a presumption of legislative acquiescence which is strongly persuasive upon the courts." *Baker v. Compton* (1965), 247 Ind. 39, 42, 211 N.E.2d 162, 164.

▪ A carrier, meaning a "person who operates or causes to be operated a commercial motor vehicle on any highway in Indiana", IND.CODE § 6-6-4.1-1(a), is charged with paying the motor fuel tax quarterly to the Department, IND.CODE §§ 6-6-4.1-4(a); 6-6-4.1-1(e) which is charged, under IND.CODE § 6-6-4.1-5(a), with depositing revenue collected from the motor fuel tax into the state highway fund. Thus, the Department is charged with administering the motor carrier fuel tax and we will pay great deference to its interpretation of IND.CODE § 6-6-4.1-1 *et seq.*

By the authority provided it in IND. CODE § 6-8.1-3-3, the Department adopted the rules in IND.ADMIN.CODE tit. 45, r. 13-1-11 (1984) on July 13, 1984. Those rules provide: "(a) The term 'highway' shall mean the entire width between the boundary lines of every thoroughfare that is open in any part to the use of the public for purposes of vehicular travel. (b) For purposes of IC 6-6-4.1-1, a toll road is a highway." No legislative change has been made that would indicate the legislature placed a different interpretation on IND.CODE § 6-6-4.1-1 since July 13, 1984. We give substantial weight both to the Department's interpretation of its own regulations and to the legislature's acquiescence in the administrative interpretation.

Although the doctrine of "legislative acquiescence is a useful tool of statutory

---

**2.** Area initially raised as additional issues on appeal the trial court's findings that Area's motion to intervene was untimely, concerned questions not common with the disputes between Schwerman and the Department, and would prejudice settlement of the class claims. In its

reply brief, however, Area abandons those issues. We agree with the parties that an answer to the question regarding Area's class membership is dispositive. Therefore, we do not address the additional issues raised by Area.

construction, it is not a sufficient independent basis for affirming a judgment." *Indiana Department of State Revenue v. Mercantile Mortgage Co.* (1980), Ind.App., 412 N.E.2d 1252, 1253. Therefore, we will independently construe the term "highway" as used in IND.CODE § 6–6–4.1–1 in accordance with the usual rules of statutory construction.

"Statutes which impose or levy taxes may not be extended beyond the clear import of the language of the statute. Such statutes are to be construed strictly against the state and in favor of the taxpayer." *Wechter v. Indiana Department of State Revenue* (1989), Ind.Tax, 544 N.E.2d 221, 224, *aff'd* (1990), Ind., 553 N.E.2d 844. Nevertheless, in interpreting a statute we give the words used their ordinary and common meaning rather than "overemphasizing a strict literal or selective reading of individual words." *Spaulding v. International Bakers Services, Inc.* (1990), Ind., 550 N.E.2d 307, 309. We presume the legislature intended the ordinary meaning of the statutory language to apply unless such a presumption "would manifestly defeat the object of the provisions." *Dept. of Revenue v. United States Steel, supra,* 425 N.E.2d at 665. The plain and ordinary meaning of words is the "meaning given to the language by the community and ordinary reader." *Romain v. A. Howard Wholesale Co.* (1987), Ind.App., 506 N.E.2d 1124, 1126.

IND.CODE § 6–6–4.1–1(f) defines a "highway" as "[T]he entire width between the boundary lines of every publicly maintained way that is open in any part to the use of the public for purposes of vehicular travel." In common usage, a "highway" is "1a: a road or way on land or water that is open to public use as a matter of right whether or not a thoroughfare; a public road or .way including the right-of-way ... c: a main direct road (as between one town or city and another) ..." *Webster's Third New International Dictionary (Unabridged )* 1069 (1967).

A "toll road" is "a road for the use of which a toll is collected". *Id.* at 2405. As our supreme court stated, "Roads and highways are generic terms, embracing all kinds of public ways, such as county and township roads, streets, alleys, township and plank roads, *turnpike* or gravel roads, ..." *Strange v. Board* (1910), 173 Ind. 640, 652, 91 N.E. 242, 247 (emphasis added). A "turnpike road" is "a: a toll road; esp.: a toll expressway ... c: a main road; a paved highway having a crowned surface". *Webster's Third New International Dictionary (Unabridged)* at 2469. As we stated in *Southern Indiana Gas v. Dept. of Highways* (1989), Ind.App., 533 N.E.2d 1289, *trans. denied,* "All roads laid out under legislative enactment are public highways belonging to the State." *Id.* at 1293.

In accordance with these definitions, we hold that the plain and ordinary meaning of a toll road or turnpike is that it is a highway as that term is defined in IND.CODE § 6–6–4.1–1(f). We have no reason to think that such a meaning for toll road would manifestly defeat the legislature's objective for the motor carrier fuel tax provisions. We, therefore, reject Area's arguments that: (1) a toll road is not a highway because the motor carrier fuel tax revenues are deposited into a state highway fund which allegedly is not used to support the toll road, *see* IND.CODE §§ 6–6–4.1–5; I.C. § 8–2.1–23–1; I.C. § 8–14–1–2; I.C. § 8–14–1–3; I.C. 8–23–9–55, and (2) a toll road is not "open", as the term is used to define "highway" in I.C. § 6–6–4.1–1(f), because access is gained by payment of a toll and is hampered by restrictions.

We repeat that the definition of class membership is an "entity who operates equipment which has a common fuel reservoir for locomotion along the highway and for another commercial purpose". Record at 34. Thus, the class definition requires both that an entity be using its fuel for locomotion along the highway and for another commercial purpose. We have determined that a toll road is a highway. Therefore, toll road use does not constitute "another commercial purpose". Because Area was using its common fuel reservoir solely for locomotion along a highway,. and not for another commercial purpose, Area was not a class member. Consequently, as

315

Area concedes, it is not entitled to intervene in Schwerman's action. The trial court did not err in denying Area the right to intervene as a class member in Schwerman's action against the Department.

Affirmed.

RATLIFF, C.J., and BARTEAU, J., concur.