OWNER–OPERATOR INDEPENDENT DRIVERS ASSOCIATION; Raymond Kasicki; Marino Motor Services, Inc., Individually and on behalf of all others similarly situated, Appellants–Plaintiffs,

v.

STATE of Indiana, Indiana DEPARTMENT OF STATE REVENUE, Appellees–Defendants.

No. 49A02–9906–CV–449.

Court of Appeals of Indiana.

March 9, 2000.

Rehearing Denied April 17, 2000.

Patricia Polis McCrory, Mark W. Pfeiffer, Harrison & Moberly, Indianapolis, Indiana, Paul D. Cullen, Sr., Joseph A. Black, The Cullen Law Firm, Washington, D.C., Attorneys for Appellants.

Jeffrey A. Modisett, Attorney General of Indiana, Geoffrey Slaughter, Special Counsel to Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellants, Owner–Operator Independent Drivers Association; Raymond L. Kasicki; and Marino Motor Services, Inc. (collectively "Appellants") appeal the trial court's order on June 10, 1999, granting the Indiana Department of State Revenue's (Department of Revenue) motion to dismiss based upon lack of subject matter jurisdiction.

We affirm.

The facts reveal that on February 19, 1999, Appellants filed a class action suit in the Marion County Circuit Court, alleging that the Motor Carrier Fuel Tax[1] imposed upon commercial vehicles is unconstitutional. Indiana imposes a tax for the consumption of motor fuel by motor carriers for their operations on Indiana Highways.[2] Indiana imposes an additional surcharge tax of $0.11 per gallon of fuel.[3] Appellants consist of out-of-state commercial motor carriers who pay tax for fuel used based upon the miles they drive within Indiana. Appellants specifically contend the fuel consumed upon the Indiana Toll Road should be tax exempt.

■ To prevent carriers who operate in multiple states from having to file tax returns in each state, an international agreement was established. The International Fuel Tax Agreement (IFTA) enables carriers to file a consolidated tax return in one state for all of their operations. Upon collection, this "base state" distributes the revenue to the other states in which the carriers operate. In the instant case, Appellants file their consolidated tax returns with their base state, and therefore are not required to file tax returns with Indiana. The policy behind IFTA is to encourage cooperation in the administration and collection of motor fuel use tax. Indiana became a member to the agreement in 1990,[4] and subsequently Congress passed the Intermodal Surface Transportation Efficiency Act[5] which requires states to conform with IFTA. 42 U.S.C. § 31705 (1997).

1. I.C. 6–6–4.1–1 *et seq.* (Burns Code Ed. Repl.1996).

2. I.C. 6–6–4.1–4 (Burns Code Ed. Repl.1996).

3. I.C. 6–6–4.1–4.5 (Burns Code Ed. Repl. 1996).

4. I.C. 6–6–4.1–14(a) (Burns Code Ed. Repl. 1996).

5. 49 U.S.C. § 31701 *et seq.* (1997).

After Appellants filed their complaint, the Department of Revenue filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Ind. Trial Rule 12(B)(1). The Department of Revenue maintained that Appellants failed to exhaust their administrative remedies before filing suit in a court of general jurisdiction. Further, the Department of Revenue contended that even if Appellants would have exhausted these administrative remedies, the Indiana Tax Court has exclusive jurisdiction over the case. On June 10, 1999, the trial court granted the Department of Revenue's motion to dismiss without an opinion.

Upon appeal, Appellants contend that the trial court erred in granting the Department of Revenue's motion to dismiss for lack of subject matter jurisdiction. Appellants maintain that because they do not file a tax return in Indiana, they do not have administrative remedies available to them through the Department of Revenue. Appellants argue, therefore, that they may not and therefore need not seek a final determination from the Department of Revenue to enable them to protest the fuel tax in court.

■ There are administrative channels for seeking a tax refund in the Motor Carrier Fuel Tax statute. IND.CODE 6–6–4.1–7 requires carriers who feel they are entitled to a refund to submit an application or "claim for refund" with the Department of Revenue along with evidence and reports.[6] Under I.C. 6–6–4.1–7.1, all members of a class action may not maintain suit in any court until each member has complied with the administrative requirements in I.C. 6–6–4.1–7.

■ Once the administrative remedies are exhausted, then carriers may seek judicial review. The jurisdiction over their challenges lies exclusively with the Indiana Tax Court. The Tax Court was created to ensure that Indiana tax law is applied consistently, and "to consolidate tax-related litigation in one court of expertise." *State v. Sproles* (1996) Ind., 672 N.E.2d 1353, 1357. Under I.C. 33–3–5–2(a) (Burns Code Ed. Repl.1998), "[t]he tax court has exclusive jurisdiction over any case that arises under the tax laws of this state and that is an initial appeal of a final determination made by" the Department of Revenue. Both of these prerequisites must be satisfied for the Tax Court to have jurisdiction over the matter. *Sproles, supra* at 1356–57. One method to receive a final determination by the Department of Revenue is to have a request for a refund denied. *Id.* at 1357.

■ When read together, the relevant portions of the Motor Carrier Fuel Tax statute and IFTA do not exempt Appellants from seeking a claim for refund from the Department of Revenue. In fact, both specifically require that carriers submit claims for refund with the taxing state. Additionally, our Supreme Court held in *Sproles, supra,* 672 N.E.2d at 1354–55, that taxpayers wishing to challenge the constitutionality of tax provisions must exhaust administrative remedies before seeking judicial review, and that judicial review may be sought only in the Indiana Tax Court. Our Supreme Court specifically held that constitutional challenges may not be entertained in a court of general jurisdiction. *Id.* at 1354.

Nevertheless, Appellants assert that the administrative requirements in I.C. 6–6–4.1–7 and 7.1 (Burns Code Ed. Repl.1996) relative to fuel tax law were waived when Indiana became a party to the IFTA. *See* I.C. 6–6–4.1–14(a) stating: "all or any part of the requirements of this chapter are waived with respect to motor carriers[,] that use in Indiana[,] motor fuel upon which tax has been paid to the other state or jurisdiction." Despite this contention, the Department of Revenue, by becoming a party to IFTA, did not waive these administrative requirements because IFTA

---

6. The relief sought by plaintiffs in the Marion Circuit Court included a request for "monetary relief," i.e. refunds. Appellants' Brief at 13.

specifically states that carriers should submit claims for refunds directly to the taxing state, which is Indiana in the instant case. Therefore, Appellants should follow the outlined administrative steps to seek a tax refund. If those efforts prove futile, then jurisdiction rests with the Indiana Tax Court to resolve the matter because the issue arises under the tax laws of Indiana and if the Department of Revenue denies the claim for refund, then a final determination for purposes of I.C. 33-3-5-2(a) will have been made.

Specific provisions of IFTA provide guidance for carriers who wish to claim a refund for tax paid upon exempt fuel. Article VIII of IFTA deals with the taxation of motor fuels. R830 discusses exempt fuel use specifically, and reads:

".100 Fuel use defined as exempt by a particular jurisdiction must be reported under this Agreement. For reporting tax-exempt miles or kilometers, the licensee is required to obtain the definition of operations that qualify for tax-exempt status from the jurisdictions of the Agreement.

.200 Licensees must submit claims for refund for tax paid on tax-exempt fuel directly to the respective jurisdiction." Record at 115.

In their reply brief, Appellants argue that R830 of IFTA contains two exemptions, one for tax-exempt "use" and another for tax-exempt "miles." Appellants maintain that they are applying for a miles exemption not a use exemption, and therefore R830.200 requiring carriers to file claims for refund directly with the taxing state does not apply to their requested exemption. When analyzing R830, however, we note that the section is entitled "Exempt Fuel Use." Record at 115. No distinction is made between fuel consumed upon tax-exempt "miles" and fuel for tax-exempt "uses" in R830.200 which states "[l]icensees must submit claims for refund for tax paid on *tax-exempt fuel* directly to the respective jurisdiction." Record at 115. (Emphasis supplied). The provision

does not mention a separate procedure for tax exempt miles. R830 indicates that a claim for refund for fuel tax paid must be submitted directly to the taxing state, whether the fuel was consumed upon miles of highway which have exempt tax status or consumed during a particular use which has exempt status.

Finally, we understand Appellants' concern that I.C. 6-6-4.1-7.1 seems to deter class action suits for tax refunds by making every member of the class comply with the administrative requirements in I.C. 6-6-4.1-7. However, we are bound by the Legislature's decision to require every member of the class to file a claim with the Department of Revenue before a class action suit may be maintained. See *Zayas v. Gregg Appliances, Inc.* (1997) Ind.App., 676 N.E.2d 365, 367-68, *trans. denied.* Because Appellants' class action suit asks for a tax refund, until each member complies with the administrative requirements, no court has subject matter jurisdiction over their cause of action.

The judgment is affirmed.

STATON, J., and BAKER, J., concur.