Max E. ANDERSON, d.b.a. M.X.
Express, Company, Successor
in Merger with Petitioner,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 49T10–0002–TA–13.

Tax Court of Indiana.

Oct. 30, 2001.

Paul D. Cullen, Sr., Joseph A. Black, The Cullen Law Firm, PLLC, Washington, D.C., Patricia Polis McCrory, Mark W. Pfeiffer, Harrison & Moberly, Indianapolis, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, David A. Arthur, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Max E. Anderson, d.b.a. M.X. Express (M.X. Express), appeals the November, 10, 1999 order of the Indiana Department of State Revenue (Department) denying M.X. Express's claim for a refund of Indiana's Motor Carrier Fuel Tax (MCFT) for 1997, 1998, and the first two quarters of 1999. This matter is before the Court on M.X. Express's Motion for Class Certification and its Motion for Partial Summary Judgment, in which M.X. Express raises the following issues:

I. Whether the Court should certify a class for which M.X. Express would be the representative; and

II. Whether the assessment and collection of the MCFT for fuel consumed on the Indiana Toll Road (Toll Road) violates the Commerce Clause.

For the reasons stated below, the Court DENIES M.X. Express's Motion for Class Certification and DENIES its Motion for Partial Summary Judgment. The Court GRANTS summary judgment to the Department.

## FACTS AND PROCEDURAL HISTORY

■ The facts of the case are undisputed. M.X. Express is an Indiana-based interstate carrier [1] that was engaged in business within and without Indiana during the period at issue. Beginning January 1997 and ending June 30, 1999, M.X. Express paid the MCFT to the Department pursuant to the International Fuel Tax Agreement (IFTA), which allows carriers to file a consolidated motor fuel use tax return in a base state. The base state collects all fuel use taxes that a carrier owes and distributes the revenue to the other states in which the carrier operates. *See Owner–Operator Indep. Drivers Ass'n v. Dep't of Revenue*, 725 N.E.2d 891, 892 (Ind.Ct.App. 2000), *trans. denied.* The base state of M.X. Express is Indiana.

■ The MCFT, imposed at a rate of $0.27 per gallon, is calculated pursuant to Indiana Code § 6–6–4.1–4(b), which provides:

The amount of motor fuel consumed by a carrier in its operations on highways in Indiana is the total amount of motor fuel consumed in its entire operations within and without Indiana, multiplied by a fraction. The numerator of the fraction is the total number of miles traveled on highways in Indiana, and the denominator of the fraction is the total number of miles traveled within and without Indiana.

Ind.Code § 6–6–4.1–4(b). Indiana's Toll Road is considered a highway for the purpose of calculating the MCFT. *Area Interstate Trucking, Inc. v. Indiana Dep't of Revenue*, 605 N.E.2d 272, 275 (Ind. Tax Ct.1992), *cert. denied; Area Interstate Trucking, Inc. v. Indiana Dep't of Revenue*, 574 N.E.2d 311, 314 (Ind.Ct.App. 1991), *trans. denied.* The Toll Road, however, receives no MCFT revenue. *Area Interstate Trucking*, 605 N.E.2d at 275 n. 3. On November 1, 1999, M.X. Express submitted a claim to the Department for an MCFT refund of $1,538.39 paid on the fuel M.X. Express consumed on the Toll Road. In its refund request, M.X. Express opined that the collection of the MCFT for fuel consumed on the Toll Road violated the Commerce Clause, stating that

[t]he Department of Revenue's collection of the Motor Carrier Fuel Tax on account of miles driven by commercial vehicles on the Toll Road is not fairly related to any services provided by the State of Indiana in connection with interstate travel over the Toll Road in that: (a) the State of Indiana itself provides no services in connection with the operation of the Toll Road; and (b) such services provided to commercial vehicles by the [Toll Road] Authority are fully paid through the collection of tolls and other revenues no part of which comes from the State of Indiana.

(Attach. to Pet'r Class Action Original Tax Appeal for Declaratory and Injunctive Relief and Damages.) M.X. Express did not, and does not, challenge the constitutionality of the assessment and collection of the MCFT for the fuel it consumes on any Indiana highways other than the Toll Road. (Pet'r Mem. in Supp. of Mot. for Partial Summ. J. at 2 n. 1.)

On November 10, 1999, the Department denied M.X. Express's refund request. M.X. Express commenced an original tax appeal on February 2, 2000, requesting that this Court certify a class of carriers for which M.X. Express would be the representative. On September 14, 2000, M.X. Express filed a Motion for Partial Summary Judgment on the issue of whether

---

1. A "carrier" is defined as "a person who operates or causes to be operated a commercial motor vehicle on any highway in Indiana." Ind.Code § 6–6–4.1–1(a).

the MCFT violates the Commerce Clause. This Court heard oral arguments on December 4, 2000. Additional facts will be supplied when necessary.

## ANALYSIS AND OPINION

### *Standard of Review*

■ This Court reviews findings of the Department de novo and is therefore bound by neither the evidence nor the issues raised at the administrative level. IND.CODE § 6–8.1–9–1(d); *Jack Gray Transport, Inc. v. Dep't of State Revenue,* 744 N.E.2d 1071, 1074 (Ind. Tax Ct.2001), *reh'g granted in part.* Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). When any party has moved for summary judgment, the Court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment has been filed by such party. Ind. Trial Rule 56(B); *Encyclopaedia Britannica, Inc. v. State Bd. of Tax Comm'rs,* 663 N.E.2d 1230, 1232 (Ind. Tax Ct.1996).

### *Discussion*

#### *Class Certification*

■ M.X. Express asks this Court to certify a class for which M.X. Express would be the representative. Under Indiana Trial Rule 23(A), the following criteria must be met for a class to be certified: (1) the potential class members must be so numerous that joinder of all members is impracticable; (2) questions of law or fact must be common to the class; (3) the claims or defenses of the representative party must be typical of the claims or defenses of the class; and (4) the representative party must be able to fairly and adequately protect the interests of the class. *Jack Gray,* 744 N.E.2d at 1074.

■ In the instant case, the Court questions whether M.X. Express has sufficiently shown that it will fairly and adequately protect the interests of the class. The adequacy of representation is a question of fact to be resolved by this Court, *see Hefty v. All Other Members of the Certified Settlement Class,* 680 N.E.2d 843, 851 (Ind.1997), and the named representative has the burden of proof to show that it will fairly and adequately represent the putative class. *Dunn v. Jenkins,* 268 Ind. 478, 377 N.E.2d 868, 871 (1978). The Court does not doubt the skill and ability of M.X. Express's counsel to litigate this class action. The Court is concerned, however, that counsel has not laid a sufficient foundation of fact showing M.X. Express's willingness and ability to serve as the named representative.[2] Because M.X. Express has not satisfied its burden of proof with regard to this particular matter, the Court DENIES its request for class certification at this time.

### *MCFT*

■ M.X. Express asserts that the imposition of the MCFT on fuel it consumes on the Toll Road violates the Commerce Clause of the U.S. Constitution, which

---

2. Counsel for M.X. Express opines that "[b]y bringing and diligently prosecuting this case to date, the named class representative has more than demonstrated [its] ability and willingness to pursue the interests of the Class through qualified counsel." (Pet'r Mem. in Supp. of Mot. for Class Certification at 33.) No case law is cited for this proposition, and the Court is not persuaded by conclusory statements. *See, e.g., Miller Structures, Inc. v. Indiana State Bd. of Tax Comm'rs,* 748 N.E.2d 943, 954 (Ind. Tax Ct.2001). If the parties so move, the Court will set a hearing on the issue of M.X. Express's adequacy as the named representative.

grants Congress the power "[to] regulate Commerce ... among the several States...." U.S. Const. Art. I, § 8 cl. 3. Although the clause is silent as to how much economic regulatory power a state retains, it has been applied to prevent states from discriminating against out-of-state economic interests or from benefiting in-state interests. *General Motors Corp. v. Indianapolis Power & Light Co.*, 654 N.E.2d 752, 764 (Ind.Ct.App.1995) (citing *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 273, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984)). The U.S. Supreme Court has rejected the view, however, that interstate commerce is immune from state taxation. *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 288, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), *reh'g denied.* Consequently, a state tax will withstand a Commerce Clause challenge if it (1) is applied to an activity with a substantial nexus with the taxing state, (2) is fairly apportioned, (3) does not discriminate against interstate commerce, and (4) is fairly related to the services provided by the State. *Roehl Transport, Inc. v. Indiana Dep't of State Revenue*, 653 N.E.2d 539, 545 (Ind. Tax Ct.1995) (citing *Complete Auto*, 430 U.S. at 279, 97 S.Ct. 1076).

 In this case, M.X. Express specifically argues that the MCFT assessed and collected for fuel consumed on the Toll Road violates the Commerce Clause because the tax is not fairly related to the services provided by the State.[3] The fourth prong of *Complete Auto* requires that the MCFT only be fairly related to the "multitude of services provided to the citizens by the State." *Hoosier Energy Rural Elec. Coop., Inc. v. Indiana Dep't of State Revenue*, 572 N.E.2d 481, 485 (Ind. 1991), *cert. denied; see also Complete Auto*, 430 U.S. at 287, 97 S.Ct. 1076; *Commonwealth Edison*, 453 U.S. at 625, 101 S.Ct. 2946. This requirement, however, does not call for a rigorous quantification

---

**3.** M.X. Express' argument is premised on an assumption that the MCFT is not a tax but a user fee charged for using Indiana highways. Because U.S. Supreme Court dictum suggests that a fee charged for "specific quantifiable services" cannot survive a Commerce Clause challenge if it is "manifestly disproportionate to the services rendered," *Commonwealth Edison Company v. Montana*, 453 U.S. 609, 622 n. 12, 101 S.Ct. 2946, 69 L.Ed.2d 884 (1981), *reh'g denied,* M.X. Express reasons that the fourth prong of *Complete Auto* should be narrowed by *Commonwealth Edison.*

A tax is compulsory and "entitles the taxpayer to receive nothing in return, other than the rights of government which are enjoyed by all citizens alike." *Ennis v. State Highway Commission*, 231 Ind. 311, 108 N.E.2d 687, 693 (1952). A user fee, on the other hand, is an optional, specific charge "for the use of publicly-owned or publicly-provided facilities or services" that afford a "particular benefit to the payer." *City of Gary v. Indiana Bell Tel.*, 732 N.E.2d 149, 156 (Ind.2000) (citation omitted, internal punctuation omitted), *reh'g denied.* Payment of the MCFT is compulsory,

IND.CODE §§ 6–6–4.1–4(a) (imposing the MCFT on fuel consumption); 6–6–4.1–4.5(a) (providing that the MCFT "shall be paid"), and M.X. Express obviously enjoys the same benefit as do all citizens alike—the use of Indiana highways—which means that the benefit is not particular to M.X. Express. *See National Cable Television Ass'n v. United States*, 415 U.S. 336, 340–41, 94 S.Ct. 1146, 39 L.Ed.2d 370 (1974) (holding that a fee payer enjoys benefits "not shared by other members of society"). Clearly, then, the MCFT is a tax. *See Roehl Transport*, 653 N.E.2d at 546. *Cf. Owner–Operator Independent Drivers Ass'n v. Bower*, 325 Ill.App.3d 1045, 258 Ill.Dec. 938, 757 N.E.2d 627 (2001) (holding that the Illinois motor fuel use tax is a tax and not a user fee). Accordingly, the Court is not persuaded by M.X. Express's "user fee" arguments.

M.X. Express also tries to use this Court's discussion of the policy for the MCFT in *Area Interstate Trucking*, 605 N.E.2d at 277, to show that the MCFT is a user fee. The issue whether the MCFT is a user fee was not reached in that case. Thus, M.X. Express mistakenly relies on *Area Interstate Trucking* and its progeny.

of the services provided. As the U.S. Supreme Court has said:

> The fair relation prong of *Complete Auto* requires no detailed accounting of the services provided to the taxpayer on account of the activity being taxed, nor, indeed, is a State limited to offsetting the public costs created by the taxed activity. If the event is taxable, the proceeds from the tax may ordinarily be used for purposes unrelated to the taxable event. Interstate commerce may thus be made to pay its fair share of state expenses and contribute to the cost of providing *all* governmental services, including those services from which it arguably receives no direct benefit.

*Oklahoma Tax Com'n v. Jefferson Lines, Inc.*, 514 U.S. 175, 199–200, 115 S.Ct. 1331, 131 L.Ed.2d 261 (1995) (emphasis in original) (citations omitted, internal punctuation omitted), *reh'g denied*. Accordingly, this Court need only determine whether the taxpayer has a substantial nexus with Indiana, and whether "the *measure* of the tax ... [is] reasonably related to the extent of the contact, since it is the activities or presence of the taxpayer in the State that may properly be made to bear a just share of the state tax burden." *Commonwealth Edison*, 453 U.S. at 625–26, 101 S.Ct. 2946 (emphasis in original) (internal punctuation omitted). The parties do not dispute the fact that M.X. Express has a substantial nexus with Indiana,[4] leaving for resolution whether the measure of the MCFT is reasonably related to M.X. Express's contact with Indiana.

When a tax is assessed proportionally "to a taxpayer's activities or presence in a State, the taxpayer is shoulder-

ing its fair share of supporting the State's provision of police and fire protection, the benefit of a trained work force, and the advantages of civilized society." *Commonwealth Edison*, 453 U.S. at 627, 101 S.Ct. 2946 (internal quotation marks omitted); *see also State of Wisconsin v. J.C. Penney Co.*, 311 U.S. 435, 446, 61 S.Ct. 246, 85 L.Ed. 267 (1940) (upholding the taxing power of a state where the measure and incidence of an earnings tax on foreign corporations were tied to the earning opportunities afforded by the state), *reh'g denied*. For the purpose of the MCFT, Indiana taxes M.X. Express on fuel it consumes on Indiana highways as measured by the miles it drives on Indiana highways. I.C. § 6–6–4.1–4(a). Thus, the measure of the MCFT is in "proper proportion" to the extent of M.X. Express's activity on Indiana highways and, therefore, to its "consequent enjoyment of the opportunities and protections which the State has afforded in connection with those activities." *Commonwealth Edison*, 453 U.S. at 626, 101 S.Ct. 2946 (internal quotation marks omitted); *see also Area Interstate Trucking*, 605 N.E.2d at 278 n. 11.

By assessing the MCFT for the fuel that M.X. Express consumes on Indiana highways, the State is merely requiring M.X. Express to assume its fair share of the State tax burden. *Commonwealth Edison*, 453 U.S. at 627, 629, 101 S.Ct. 2946; *Complete Auto*, 430 U.S. at 279, 97 S.Ct. 1076. The State is well within its rights—and well within the Commerce Clause—to do so. Accordingly, the Court holds that the MCFT does not violate the Commerce Clause under the fourth prong of the *Complete Auto* test.[5]

---

**4.** M.X. Express has a physical presence in Indiana, and Indiana is M.X. Express's base state for the collection of the MCFT under the IFTA.

**5.** It should be noted that "[i]n the absence of a violation of ... substantial nexus, fair apportionment, and nondiscrimination[,] courts are not equipped to determine the appropriate portion of a state's tax burden that ought

## CONCLUSION

For the forgoing reasons, the Court DENIES M.X. Express's request for class certification and DENIES its partial motion for summary judgment. The Court GRANTS summary judgment to the Department.

to be borne by any segment of the state's industry." JEROME R. HELLERSTEIN & WALTER HELLERSTEIN, I STATE TAXATION, ¶ 4.17[2][e] (3d ed. 2001).