ATTORNEY FOR PETITIONER:
**GEROLD L. STOUT**
STOUT LAW FIRM
Lowell, IN

ATTORNEYS FOR RESPONDENTS:
**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

**BRIAN A. CUSIMANO**
ATTORNEY AT LAW
Indianapolis, IN

# IN THE
# INDIANA TAX COURT



FILED

Jun 05 2020, 3:20 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

DIOCESE OF NEWTON FOR THE )
MELKITES IN THE USA, INC., )
                        )
    Plaintiff, )
                        )
    v. )    Cause No. 20T-TA-00001
                        )
PEGGY HOLINGA KATONA, in her )
capacity as LAKE COUNTY TREASURER, )
and JOHN PETALAS, in his capacity )
as LAKE COUNTY AUDITOR, )
                        )
    Defendants. )

## ORDER ON DEFENDANTS' MOTION TO DISMISS

**FOR PUBLICATION**
**June 5, 2020**

WENTWORTH, J.

    On January 15, 2020, the Plaintiff, Diocese of Newton for the Melkites in the USA, Inc., filed a Complaint with this Court against the Defendants, the Lake County Treasurer and the Lake County Auditor, alleging breach of contract regarding the settlement of a

tax sale.[1]   Thereafter, the Defendants filed a motion to dismiss the Diocese's case for, among other things, lack of subject matter jurisdiction pursuant to Indiana Trial Rule 12(B)(1).  The Court GRANTS the Defendants' motion to dismiss.

**BACKGROUND**

In its Complaint, the Diocese claims that on or about March 25, 2014, it negotiated a settlement agreement with the Defendants, pursuant to Indiana Code § 6-1.1-24-1.2, to remove penalties from delinquent taxes owed on land located in Hammond, Indiana and to remove the property from the Auditor's tax sale.  (Pl.'s Compl. at 2 ¶ 5.)  Moreover, the Diocese asserts that on or about that same date, it remitted the funds agreed to in the settlement agreement; however, despite its performance, the Defendants did not properly apply the funds and remove the penalties to which they agreed.  (Pl.'s Compl. at 2 ¶¶ 7-9.)  Because the Diocese believed "it had a valid enforceable agreement with the Defendants, [it believed it] was precluded from exercising its right to participate in the Tax Amnesty Program provided for in I.C. 6-8.1-3-17(c) which occurred [in the Fall of] of 2015." (Pl.'s Compl. at 3 ¶ 11.)  As a result, the Diocese requested that this Court enter "judgment against Defendants in an amount commensurate with its damages, an[d issue an] Order compelling Defendants['] specific performance to avoid recurring fines and penalties plus costs and all other relief deemed just and proper in the premises."  (Pl.'s Compl. at 3.)

---

[1] The Tax Court uses different terminology than the courts of general jurisdiction, designating the document initiating litigation as a Petition, not a Complaint; a Plaintiff as a Petitioner; and the Defendant as a Respondent.  See, e.g., Ind. Tax Court Rules 3-4.  Throughout this Order, the Court will use the terminology used by the Petitioner even though it is incorrect.

On March 23, 2020, the Defendants filed a motion to dismiss the Diocese's case for lack of subject matter jurisdiction pursuant to Indiana Trial Rule 12(B)(1).[2] On May 21, 2020, after briefing on the motion was complete, the Court took the matter under advisement.

## LAW & ANALYSIS

Subject matter jurisdiction is the power of a court to hear and determine a particular class of cases. K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006). Subject matter jurisdiction is not conferred upon a court by consent or agreement of the parties to litigation; rather, it can only be conferred upon a court by the Indiana Constitution or by statute. State v. Sproles, 672 N.E.2d 1353, 1356 (Ind. 1996). If a court does not have subject matter jurisdiction, any judgment that it renders is void. State Bd. of Tax Comm'rs v. Ispat Inland, Inc., 784 N.E.2d 477, 481 (Ind. 2003) (citation omitted).

The Indiana Tax Court is a court of limited jurisdiction. IND. CODE § 33-26-3-1 (2020). It exercises subject matter jurisdiction over two types of cases: 1) original tax appeals and 2) actions for which jurisdiction has otherwise been specifically conferred upon it by statute. See generally Ind. Tax Court Rule 2.

### 1. Jurisdiction Over Original Tax Appeals

This Court exercises exclusive jurisdiction over original tax appeals, i.e., any case that 1) arises under the tax laws of Indiana and 2) is an initial appeal of a final determination made by the Indiana Department of State Revenue (DOR), the Indiana Board of Tax Review (Indiana Board), or the Department of Local Government Finance

---

[2] The motion also asserted, in the alternative, that the Diocese's case must be dismissed pursuant to Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. (See Defs.' Mot. Dismiss; Defs.' Corrected Br. Supp. Mot. Dismiss at 6.) Given the Court's ruling today, this alternative ground for dismissal will not be addressed.

3

(DLGF). I.C. § 33-26-3-1; Tax Ct. R. 2. If a litigant fails to comply with either one of these statutory requirements when initiating an original tax appeal, the Court does not have jurisdiction to hear the appeal. IND. CODE § 33-26-6-2(a) (2020).

The first of these two requirements is met when a case "'arises under' the tax laws [because]: 1) an Indiana tax statute creates the right of action; or 2) the case principally involves collection of a tax or defenses to that collection." Sproles, 672 N.E.2d at 1357. Accordingly, this prong acknowledges the Tax Court's special expertise in the interpretation and application of Indiana's tax laws.

The second requirement, that the case is an initial appeal of a final determination of one of Indiana's three administrative tax agencies, satisfies the principle, basic to all administrative law, that a party seeking judicial relief from an agency action must first establish that all administrative remedies have been exhausted. See Ispat Inland, 784 N.E.2d at 482. Consequently, "[f]ailure to exhaust administrative remedies is a defect in subject matter jurisdiction" and, accordingly, a court will be "completely ousted" from hearing the case at all. State ex rel. Att'y Gen. v. Lake Super. Ct., 820 N.E.2d 1240, 1247 (Ind. 2005), cert. denied; Ispat Inland, 784 N.E.2d at 482. Thus, the lack of a final determination from the DOR, the Indiana Board, or the DLGF is the equivalent of a failure to exhaust administrative remedies that deprives this Court of subject matter jurisdiction in a case.

Here, the Diocese contends that its case arises under the tax laws of Indiana because it involves the interpretation, application, and enforcement of Indiana Code § 6-1.1-24-2, which allows the removal of property from being sold at a tax sale if the taxpayer and the county treasurer "agree to a mutually satisfactory arrangement" for the payment

4

of delinquent property taxes. (See Pl.'s Br. Supp. Resp. Defs.' Mot. Dismiss ("Pl.'s Br.") at 1-3.) The Diocese concedes, however, that its lawsuit does not derive from a final determination of the DOR, the Indiana Board, or the DLGF. (See Pl.'s Br. at 4-5.) Indeed, the Diocese acknowledges that it did not apply for review by any of those administrative agencies. (See Pl.'s Br. at 4-5 (acknowledging that tax sale disputes generally have been filed in the county circuit and superior courts of the county where the property is located for resolution).) Consequently, the Diocese's case is not an original tax appeal subject to this Court's jurisdiction.

### 2. Other Jurisdiction Conferred By Statute

In addition to original tax appeals, the General Assembly has given the Tax Court "any other jurisdiction conferred by statute." IND. CODE § 33-26-3-2 (2020). The Diocese contends that Indiana Code § 6-1.1-24-4.6 confers jurisdiction upon this Court to hear its appeal. (See Pl.'s Br. at 5-6.)

The Diocese explains that a court has statutory authority to resolve an issue regarding a tax sale because "[a]nnually, the county treasurer and the county auditor shall make application for judgment and order for [a tax] sale. The application shall be made as one (1) cause of action to any court of competent jurisdiction." (See Pl.'s Br. at 5-6 (quoting IND. CODE § 6-1.1-24-4.6(b) (2020) (emphasis added)).) Due to the Tax Court's expertise regarding the tax laws of Indiana, the Diocese reasons that "the only court with competent jurisdiction to interpret and apply a tax statute is the Tax Court." (Pl.'s Br. at 7 (emphasis added).) The Court, however, does not find the Diocese's rationale persuasive.

5

The use of the word "any" preceding the phrase "court of competent jurisdiction" in Indiana Code § 6-1.1-24-4.6(b) indicates that more than one court is able to resolve an issue pertaining to a tax sale. As the Diocese has acknowledged, issues involving tax sales are typically heard in Indiana's circuit and superior courts – courts of general jurisdiction – in the county where the subject property is located. (See Pl.'s Br. at 4-5.) While this practice would not preclude the Tax Court from being "a court of competent jurisdiction" capable of resolving tax sale issues, the plain statutory language in the Tax Court's enabling statutes provides otherwise. See, e.g., Johnson Cty. Farm Bureau Co-op. Ass'n, Inc. v. Indiana Dep't of State Revenue, 568 N.E.2d 578, 581 (Ind. Tax Ct. 1991) (explaining that statutory words and phrases shall be taken in their plain ordinary, and usual sense), aff'd, 585 N.E.2d 1336 (Ind. 1992).

Indiana Code § 33-26-3-3 instructs that in cases other than original tax appeals, "[t]he tax court does not have jurisdiction . . . unless . . . the tax court has otherwise been specifically assigned jurisdiction by statute." IND. CODE § 33-26-3-3(2) (2020) (emphasis added). In other words, for a statute to confer jurisdiction upon the Tax Court, it must do so with specificity.

For example, the General Assembly conferred jurisdiction to the Tax Court to hear appeals from a probate court regarding Indiana's former inheritance tax.[3] Under the relevant statutory scheme, determinations of an individual's inheritance tax liability were first determined by the DOR and then by the appropriate county probate court. See, e.g., IND. CODE § 6-4.1-1-2 (2020) (defining probate court for purposes of the tax); IND. CODE § 6-4.1-5-8 (2020) (indicating that a taxpayer who challenges a DOR determination of

---

[3] The inheritance tax was repealed in 2013. See, e.g., IND. CODE § 6-4.1-1-0.5 (2020). See also https://www.in.gov/dor/files/inheritance.pdf (last visited May 29, 2020).

inheritance tax due does so with the appropriate probate court).  Jurisdiction over appeals from the probate court involving inheritance tax were specifically conferred upon this Court by the explicit language of Indiana Code § 6-4.1-7-7:  "A probate court's redetermination of inheritance tax . . . may be appealed to the tax court in accordance with the rules of appellate procedure."  IND. CODE § 6-4.1-7-7 (2020) (emphasis added).

In another example, although the requirements of an original tax appeal are not met, the General Assembly conferred jurisdiction to the Tax Court to decide appeals still pending with the Indiana Board beyond their statutory deadline for issuing a final determination.  See IND. CODE § 6-1.1-15-4(e)-(h) (2020) (providing that the Indiana Board must conduct hearings and issue final determinations on appeals within a certain amount of time).  If the Indiana Board fails to meet the prescribed deadlines, the party that initiated the appeal "may . . . petition for judicial review under [Indiana Code § 6-1.1-15-5]."  IND. CODE § 6-1.1-15-4(i)(2) (2020).  In turn, Indiana Code § 6-1.1-15-5 states that "[i]n order to obtain judicial review under this section, a party must[] file a petition with the Indiana tax court[.]"  IND. CODE § 6-1.1-15-5(b)(1) (2020) (emphasis added).

Therefore, as Indiana Code § 33-26-3-3(2) provides and the examples illustrate, a statute cannot confer jurisdiction upon this Court of limited jurisdiction unless the statutory language "specifically assigns jurisdiction" to the Tax Court.  Because Indiana Code § 6-1.1-24-4.6(b) does not do so, it cannot confer subject matter jurisdiction to the Tax Court.

**CONCLUSION**

For the aforementioned reasons, the Court does not have subject matter jurisdiction over the Diocese's case. As a result, the case is now DISMISSED.

SO ORDERED this 5th day of June, 2020.

_____
Martha Blood Wentworth, Judge
Indiana Tax Court

DISTRIBUTION:
Gerold L. Stout, Marilyn S. Meighen, Brian A. Cusimano